ORFINGER, J.
Peter Stites’s conviction of three counts of lewd and lascivious assault on his adult son’s fifteen-year-old girlfriend was affirmed on appeal. See Stites v. State, 743 So.2d 531 (Fla. 5th DCA 1999). Stites then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging that his trial counsel was ineffective due to: 1) counsel’s failure to investigate, interview and present an alibi witness; 2) counsel’s failure to investigate, interview and present witnesses whose testimony would have attacked the credibility of the State’s witnesses and demonstrated their bias; and 3) counsel’s failure to move for a mistrial or seek a curative instruction following the State’s improper cross-examination of Stites. The trial court summarily denied relief on claim 3, but conducted an evidentiary hearing on claims 1 and 2. Having carefully reviewed the record, we find competent, substantial evidence to support the trial court’s conclusion that counsel was not ineffective under the standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as to claims 1 and 2.
As to claim 3, the record reflects that in cross-examining Stites, the prosecutor posed such questions as: “Isn’t it true that you have problems with your sexuality?”; “Isn’t the problem that you have sexual perversions?”; “Isn’t it true that you like a young girl like Kristen?”; and “You have a problem with pretty girls?” Trial counsel’s objections to these questions were all sustained, but he did not request a mistrial or ask the court to give a curative instruction. While conceding that the questions were improper under the facts of this case, the State argues that the issue is proce *682 durally barred, as it was raised on direct appeal. We disagree. On direct appeal, appellate counsel was limited to arguing that the unpreserved error was fundamental. Because we concluded that it was not, we affirmed Stites’s conviction.[1] As a result, we conclude that Stites’s postconviction argument is not a rehash of his argument on direct appeal reformulated as a claim of ineffective assistance of counsel.
Accordingly, we affirm the trial court’s decision regarding claims 1 and 2, and remand the matter for an evidentiary hearing on claim 3. In doing so, we express no opinion regarding the merit of Stites’s contention. We simply conclude that he is entitled to a hearing on that claim.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
THOMPSON, C.J. and SHARP, W., J., concur.

. Because we affirmed Stiles's conviction without an opinion, our conclusion was not apparent to the trial court or the parties.