PER CURIAM.
Appellant seeks review of the trial court’s denial of his motion requesting postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He raised seven claims, four of which were summarily denied, and the remaining three of which were denied following a hearing. We affirm without discussion as to all but two of the claims which were summarily denied. As to those two claims, we are constrained to reverse.
In his third claim, appellant alleged that trial counsel had been ineffective because he failed to request either a curative instruction or a mistrial after the trial court sustained his objection to a question posed by the prosecutor to the state’s fingerprint expert. The question, to which the witness responded in the affirmative, asked whether anyone had reviewed and verified his work. As such, it was improper. See, e.g., Schwarz v. State, 695 So.2d 452, 455 (Fla. 4th DCA 1997) (holding that experts may not bolster their testimony by testifying that other experts have agreed with their opinion). Appellant’s claim was legally sufficient, and the trial court’s order (together with attachments) does not conclusively demonstrate that appellant is not entitled to relief. Accordingly, we must reverse the summary denial of this claim. See, e.g., Stites v. State, 841 So.2d 681 (Fla. 5th DCA 2003) (reversing a summary denial of a rule 3.850 claim alleging that trial counsel was ineffective because he failed to request a curative instruction or a mistrial, and remanding for an eviden-tiary hearing).
In his fifth claim, appellant alleged that trial counsel had been ineffective because he failed to move for a mistrial or suppression of the victim’s in-court identification made after the prosecutor pointed to appellant during' questioning and asked, “Were you able, Mr. Ford, to definitively say that a photo of that man was not included in the photospread?” We conclude that this claim was also legally sufficient, and that the trial court’s order (together with attachments) does not conclusively demonstrate that appellant is not entitled to relief. Accordingly, we must reverse the summary denial of this claim as well. See, e.g., Haynes v. State, 729 So.2d 498, 501 (Fla. 1st DCA 1999) (reversing a summary denial of a rule 3.850 claim alleging that trial counsel was ineffective because he did not move to suppress, or otherwise object to, an allegedly tainted in-court identification of the defendant, and remanding for an evi-dentiary hearing).
We reverse the summary denial of appellant’s third and fifth claims. On remand, should the trial court again conclude that those claims are conclusively refuted by the record, it shall attach to its order denying relief the portions of the record that conclusively support that conclusion. Otherwise, it shall hold an evidentiary *1043 hearing as to those claims. In all other respects, the trial court’s order denying relief is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
KAHN, WEBSTER and POLSTON, JJ., concur.