933 So.2d 28 (2006)
Richard HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4608.
District Court of Appeal of Florida, Second District.
May 3, 2006.
*29 PER CURIAM.
Richard Henry appeals the summary dismissal of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Henry's motion raised numerous claims for relief involving prosecutorial misconduct, trial court error, deprivations of his constitutional rights, and ineffective assistance of counsel. We affirm.
Henry's claims of prosecutorial misconduct and trial court error should have been raised on direct appeal. See Brown v. State, 894 So.2d 137, 145 (Fla. 2004) (holding that claims of prosecutorial misconduct should be raised on direct appeal); Sampson v. State, 845 So.2d 271, 272 (Fla. 2d DCA 2003) (holding that claims of trial court error should be raised on direct appeal). Based on the limited record, it does not appear that Henry reserved the right to appeal any claims and, therefore, Henry's guilty plea waived any claims relating to alleged deprivations of his constitutional rights that occurred prior to the entry of his guilty plea. See Robinson v. State, 373 So.2d 898 (Fla. 1979).
The postconviction court erroneously concluded that Henry's ineffective assistance of counsel claims should have been raised on direct appeal and, therefore, were not cognizable in a rule 3.850 motion. See Meeks v. State, 382 So.2d 673, 675 (Fla.1980) (noting a claim of ineffective assistance of counsel is an appropriate ground for a rule 3.850 motion). However, we affirm the postconviction court's ruling on Henry's ineffective assistance of counsel claims because they are facially insufficient. See Warner v. State, 916 So.2d 879 (Fla. 2d DCA 2005). Our affirmance is without prejudice to Henry's right to file a facially sufficient rule 3.850 motion. Because the two-year limit for filing rule 3.850 motions expired while this appeal was pending and the postconviction court's order did not indicate Henry could refile a facially sufficient rule 3.850 motion, we direct that Henry may file another rule 3.850 motion within thirty days of the date of this court's mandate. See Lewis v. State, 777 So.2d 1083 (Fla. 2d DCA 2001). The postconviction court shall not deem it untimely or successive based upon the motion Henry filed in this proceeding.
Affirmed.
CASANUEVA, KELLY, and WALLACE, JJ., Concur.