IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DONTAVION JERMAL KING,

      Appellant,

 v.                                                                    Case No.  5D17-2072

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 3, 2017

3.850 Appeal from the Circuit Court
for Orange County,
Lisa T. Munyon, Judge.

Dontavion Jermal King, Indiantown, pro se.

No Appearance for Appellee.


PER CURIAM.

      Dontavion King appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.  King raised seven grounds in his motion.  We affirm, without further discussion, the postconviction court's summary denial of grounds one through six.  As to ground seven of King's motion, because it is insufficiently pled, we reverse that part of the order and remand to allow King an opportunity to amend that claim.

In ground seven, King alleged that his trial counsel was constitutionally ineffective for failing to move for a mistrial based upon the prosecutor's repeated improper comments, elicitation of hearsay testimony, violation of a previously granted motion in limine, and misstatements of both the law and the "facts" of the case. In summarily denying this ground, the court held that allegations of prosecutorial misconduct are issues that should be raised on direct appeal and are inappropriate for rule 3.850 relief. The court also found that King was procedurally barred from attempting to argue that the cumulative effect of multiple errors at trial entitled him to postconviction relief, concluding that these are issues also for direct appeal.

The lower court is correct that claims of prosecutorial misconduct and trial court error are required to be raised on direct appeal and are not cognizable in a rule 3.850 motion. *Henry v. State*, 933 So. 2d 28, 29 (Fla. 2d DCA 2006) (citing *Brown v. State*, 894 So. 2d 137, 145 (Fla. 2004)). However, King's claim in ground seven was based on the alleged ineffectiveness of his counsel in not objecting to or moving for mistrial based upon the prosecutor's alleged repeated acts of misconduct during the trial. This type of claim is cognizable in a rule 3.850 motion. *See Stites v. State*, 841 So. 2d 681, 681–82 (Fla. 5th DCA 2003). Nevertheless, King's allegations of ineffective assistance of counsel in this ground are vague and conclusory. Under the circumstances, "[a] defendant who has filed a legally insufficient rule 3.850 motion must be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected." *Lamb v. State*, 202 So. 3d 118, 120 (Fla. 5th DCA 2016) (citing *Luckey v. State*, 979 So. 2d 353, 355 (Fla. 5th DCA 2008); Fla. R. Crim. P. 3.850(f)).

Because our record does not show that King has previously sought or been given leave to amend his rule 3.850 motion, and since the pleading deficiency in ground seven may be correctable, he should be given the chance to do so. Thus, we reverse the summary denial and remand with directions that the postconviction court provide King with sixty days to amend ground seven of his motion, if, in good faith, he can amend it.

AFFIRMED in part; REVERSED in part; and REMANDED.

SAWAYA, LAMBERT, and EISNAUGLE, JJ., concur.