# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2943
LT Case Nos. 2018-CF-000073
2018-CF-000074

_____

DONALD EUGENE REYBURN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Hernando County.
Stephen E. Toner, Jr., Judge.

Donald Eugene Reyburn, Bushnell, pro se.

Ashley Moody, Attorney General, Tallahassee, and Stephen R. Putnam, Jr., Assistant Attorney General, Daytona Beach, for Appellee.

March 22, 2024

HARRIS, J.

Donald Eugene Reyburn timely challenges the postconviction court's summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Reyburn alleged two grounds for relief. In ground A, he alleged that the government engaged in misconduct by not filing and/or providing

him with the probable cause affidavit to support the search warrant of his home, the search warrant, the search warrant return, and log of items seized during execution of the search warrant. In ground B, Reyburn alleged that his trial counsel was ineffective because he refused to investigate and compel the trial court to make available to him the probable cause affidavit to support the search warrant, the search warrant return, and log of items seized so he could file a motion to suppress the evidence seized during the execution of the search and used to charge him with crimes.

The postconviction court denied Reyburn's motion on the merits. On ground A, it found Reyburn's claim was not cognizable under rule 3.850. On ground B, it found Reyburn failed to demonstrate prejudice. Reyburn timely filed a motion for rehearing, arguing that the postconviction court should not have denied his motion on the merits but should have allowed him to amend his claims. The postconviction court denied the motion for rehearing.

The postconviction court did not err when it denied ground A because the alleged government misconduct could not be amended into a viable claim under rule 3.850. *See King v. State*, 230 So. 3d 179, 180–81 (Fla. 5th DCA 2017). However, we agree with Reyburn that the postconviction court erred when it denied ground B because it was a potentially viable claim. Because the motion was timely filed, contained a potentially viable claim, and Reyburn had not previously been given an opportunity to amend, Reyburn should have been given the opportunity to amend this claim to show that he was prejudiced by trial counsel's inactions. *See Minix v. State*, 259 So. 3d 927, 929 (Fla. 5th DCA 2018) (holding that defendant should have been given opportunity to amend his rule 3.850 motion to allege the requisite prejudice required under *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)) (citing Fla. R. Crim. P. 3.850(f)(2) & *Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007)).

We therefore affirm the denial of ground A but reverse and remand the denial of ground B for the postconviction court to allow Reyburn to amend.

AFFIRMED in part, REVERSED in part, REMANDED.

EISNAUGLE and SOUD, JJ., concur.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————