272 So.2d 215 (1973)
John H. WALSINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 72-521.
District Court of Appeal of Florida, Second District.
January 26, 1973.
Alex D. Finch, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
PIERCE, Judge (Ret.).
Appellant, John H. Walsingham, appeals a judgment and sentence, after having been convicted of manslaughter in the fatal shooting of his son.
On January 28, 1972, about 8:00 P.M. Walsingham, who was under the influence of alcohol to some degree, went into his bedroom to look at a 30.30 rifle (which his wife had given him at Christmas-time) after first instructing his two small children to remain in the living room. Walsingham's father entered the home prior to the shot, talked with his wife on the telephone, hugged his two grandchildren, and went back towards the bedroom. As he arrived at the door to the bedroom the gun went off while laying across Walsingham's legs or in his hands. The shot went through the door and the wall and struck Walsingham's five year old son, killing the child immediately. The child had apparently followed the grandfather down the hallway, notwithstanding Walsingham's warning that he remain in the living room.
Walsingham's wife testified that although Walsingham had had the gun more than thirty days he had not shot it. The victim, Bobby, was the "apple of his father's *216 eye." Other witnesses, including the investigating officer, testified that Walsingham became hysterical, was very emotional and sobbed the entire time the police and deputy sheriffs were around.
Walsingham contends that the evidence was not sufficient to support a conviction for manslaughter on the theory of culpable negligence. We agree.
Walsingham had definitely admonished his children to stay in the living room, and had no reason to believe that anyone was near or even, for that matter, that the gun was loaded or might go off. There was no evidence that he had his new gun out for any other reason than to become acquainted with it. He was in his own bedroom, not in a public place where there were other people. He had the gun across his knees or in his hands when it went off, and there is no evidence that he handled it so recklessly as to constitute culpable negligence. The son who got shot was, as we have adverted, the "apple of his eye." The evidence falls far short of showing the degree of negligence necessary to constitute manslaughter under F.S. § 782.07, F.S.A., Cannon v. State, 1926, 91 Fla. 214, 107 So. 360; Miller v. State, Fla. 1954, 75 So.2d 312; Fowlkes v. State, Fla.App. 1958, 100 So.2d 826; Boyd v. State, Fla.App. 1960, 122 So.2d 632; Day v. State, Fla.App. 1963, 154 So.2d 340; Getsie v. State, Fla.App. 1967, 193 So.2d 679.
There was evidence that Walsingham had been drinking or was under the influence of alcohol to some degree. Such evidence, while technically admissible, was not conclusive, and could not, in and of itself, make an act wanton and reckless that would not otherwise be so. Smith v. State, Fla. 1953, 65 So.2d 303; Fowlkes v. State, supra; Jackson v. State, Fla.App. 1958, 100 So.2d 839; Day v. State, supra.
Taken in the light most favorable to the State, we are constrained to the view that the evidence was insufficient to support a charge of manslaughter on the theory of culpable negligence, Boyd v. State, supra. The judgment of conviction is reversed, and the case is remanded for a new trial before a new jury.
Reversed accordingly.
LILES, A.C.J., and HOBSON, J., concur.