744 So.2d 1033 (1999)
Joseph A. WEBSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1052
District Court of Appeal of Florida, First District.
January 22, 1999.
Appellant Joseph A. Webster, pro se, Lake Butler.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
KAHN, J.
Appellant, Joseph A. Webster, challenges the circuit court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, and on appeal, Webster alleges ineffective assistance of counsel. His sworn motion contends that his assistant public defender failed to advise him that consumption of alcohol was, without more, insufficient to support a conviction for manslaughter by culpable negligence. Webster avers that defense counsel affirmatively advised him that "his consumption of alcohol alone was sufficient to convict him of manslaughter by culpable negligence, misrepresenting the essentials for a manslaughter conviction." Webster claims that as a result of this misadvice, he entered his plea unknowingly and based on counsel's misrepresentations. Had he not been so advised, he alleges that he would have gone to trial on the charge.
The tragic circumstances of the underlying incident reveal that the manslaughter victim was a close friend of Webster's. According to the sworn motion, the victim "was shot while the defendant was in the process of inserting cartridges into his firearm." Webster immediately advised authorities "that the firearm had been accidentally discharged, and inadvertently striking [sic] the victim." Webster was legally intoxicated at the time of the incident. He claims that "the firearm discharged accidentally" and is unaware of any fact, other than his intoxication, to support the charge of culpable negligence.
The claim of ineffective assistance is not refuted by the attachments to the order on appeal. We certainly do not pass on the veracity of Webster's sworn allegations, but if counsel indeed informed him that consumption of alcohol in and of itself was sufficient to support a manslaughter conviction, such advice was erroneous. See Walsingham v. State, 272 So.2d 215, 216 (Fla. 2d DCA 1973). Neither the written plea agreement, nor the plea colloquy attached *1034 to the order, conclusively refute the allegations in the sworn 3.850 motion. As noted by the lower court, Webster agreed he was entering his plea freely and voluntarily, and he stated he was satisfied with his attorney's representation. He also stated on the record that he pled guilty "because he was guilty." These statements did not, however, conclusively refute, or even adequately meet, the present allegations of affirmative misadvice concerning the proof necessary to support the elements of the crime with which appellant was charged. Cf. Little v. State, 673 So.2d 151, 151 (Fla. 1st DCA 1996) ("Little asserted that his counsel affirmatively misadvised him as to his provisional gain time credit eligibility and as to the length of time he would actually serve on his negotiated twenty-five year sentence. He asserts that he only entered his plea because of this misadvice. These allegations sufficiently allege a colorable claim of ineffective assistance of counsel.").
We REVERSE the summary denial of this claim and REMAND for further proceedings pursuant to the rule. We AFFIRM without discussion the remaining grounds given by the circuit court for denying the motion.
BENTON and VAN NORTWICK, JJ., concur.