KAHN, J.
In this appeal, Joseph A. Webster once again asserts that the trial court erred in denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, because his *1035 trial counsel erroneously advised him that his consumption of alcohol alone was sufficient to convict him of manslaughter. As this court indicated when it reversed and remanded the first trial court order denying this claim, “if counsel indeed informed him that consumption of alcohol in and of itself was sufficient to support a manslaughter conviction, such advice was erroneous.” Webster v. State, 744 So.2d 1033 (Fla. 1st DCA 1999); see Walsingham v. State, 272 So.2d 215, 216 (Fla. 2d DCA 1973) (“There was evidence that Walsing-ham had been drinking or was under the influence of alcohol to some degree. Such evidence, while technically admissible, was not conclusive, and could not, in and of itself, make an act wanton and reckless that would not otherwise be so.”). On remand, however, the trial court again found Webster’s claim facially insufficient. The trial court did not hold a hearing on the claim and did not attach to its order anything refuting the claim. Instead, the trial court prepared an order concluding that “manslaughter is a general intent crime, as to which voluntary intoxication does not provide a defense.” This conclusion, although correct, does not really address Webster’s specific claim of ineffective assistance. Therefore, we REVERSE and REMAND with directions that the trial court hold an evidentiary hearing on Webster’s claim that he received erroneous legal advice concerning whether his consumption of alcohol alone was sufficient to convict him of manslaughter.
WEBSTER, and VAN NORTWICK, JJ„ CONCUR.