871 So.2d 298 (2004)
Donald WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0581.
District Court of Appeal of Florida, First District.
April 19, 2004.
*299 Donald Wilson, pro se, for Appellant.
Charlie Crist, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
Appellant, Donald Wilson, appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, and reverse in part and remand for an evidentiary hearing.
Appellant previously challenged the trial court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion, and this Court affirmed in part, reversed in part and remanded for further record attachments or for an evidentiary hearing. See Wilson v. State, 832 So.2d 883 (Fla. 1st DCA 2002). On remand, the trial court again summarily denied appellant's motion and attached appellant's judgment and sentence, criminal punishment code scoresheet, plea agreement, and plea colloquy in support of the denial. This appeal followed.
"Rule 3.850 explicitly requires that the record `conclusively' rebut an otherwise cognizable claim if it is to be denied without a hearing." State v. Leroux, 689 So.2d 235, 237 (Fla.1996). Of the five claims appellant raised in his motion for postconviction relief, we find that two of the claims are not conclusively refuted by the plea colloquy or other record attachments. See State v. Coney, 845 So.2d 120, 134, 135 (Fla.2003) (citing LeCroy v. Dugger, 727 So.2d 236 (Fla.1998)).
Appellant's entry of a plea, plea colloquy, and other record attachments do not conclusively refute his first claim that his counsel failed to investigate evidence that would have supported a motion to suppress incriminating statements he gave to police while in custody without being informed of his Miranda rights, and that his counsel should have filed a motion to suppress. Appellant alleges that he would not have entered a plea in the absence of these alleged failures. See Stano v. State, 520 So.2d 278, 280 (Fla.1988); Lester v. State, 773 So.2d 1188, 1190 (Fla. 2d DCA 2000); Fortner v. State, 538 So.2d 85, 86 (Fla. 2d DCA 1989) (holding that the allegation in the context of a plea that trial counsel failed to move to suppress an incriminating statement constituted a facially sufficient claim). The record demonstrates that between the time appellant entered his plea and the time that he appeared for sentencing, appellant expressed *300 concern that his attorney had not filed a motion to suppress the statements appellant made to police officers. The record offers no indication that appellant's attorney addressed this concern of appellant's, or that appellant had been made aware of a potential suppression issue prior to entering his plea. See Jenrette v. State, 761 So.2d 414 (Fla. 2d DCA 2000) (holding that the appellant's claim that his counsel was ineffective for failing to file a motion to suppress a confession the appellant gave without being informed of his Miranda rights was facially sufficient). Therefore, we reverse the trial court's summary denial of this claim and remand for an evidentiary hearing.
The plea colloquy and other record attachments do not refute the portion of appellant's second claim in which he alleged that trial counsel failed to depose the police officers who coerced his confession while he was in custody without advising him of his Miranda rights, as that allegation relates to the suppression issue raised in appellant's first claim. See Smith v. State, 815 So.2d 707, 707 (Fla. 1st DCA 2002) (holding that the appellant's allegation that counsel failed to properly investigate a potential defense witness was facially sufficient and not negated by the appellant's plea, as the appellant alleged that he would not have entered a plea in the absence of the alleged failure). As such, we reverse the trial court's summary denial and remand for an evidentiary hearing as the record attachments do not conclusively refute this portion of appellant's second claim. As to the portion of appellant's second claim alleging that counsel was ineffective for failing to investigate and depose various other witnesses, we affirm the trial court's summary denial, as appellant has not demonstrated how this alleged error affected the outcome of his proceeding.
With regard to appellant's third claim, that trial counsel failed to prepare and develop viable defenses to the charges against him, it is apparent from the record that appellant had raised the issue of selfdefense with his defense counsel prior to the entry of his plea. Cf. Stanley v. State, 703 So.2d 1156, 1157 (Fla. 2d DCA 1997) (noting defenses which were not brought to defendant's attention cannot be waived); Seraphin v. State, 706 So.2d 913 (Fla. 4th DCA 1998) (reversing where defendant alleged counsel failed to advise him of a viable defense); McCoy v. State, 598 So.2d 169 (Fla. 1st DCA 1992) (reversing where appellant alleged counsel failed to consider a defense). Based on this previous discussion and the language contained in the plea agreement form, we determine that appellant knowingly waived the right to pursue a claim that his counsel was deficient for failing to investigate a "self-defense" defense. The plea agreement form specifically provides:
Consultation with Attorney:
...
We have fully discussed all aspects of this case, including all possible defenses to all charges, including self-defense and any defense based upon any disability disease, insanity, or intoxication. My attorney has given me the opportunity to ask questions and has answered all my questions fully and completely. My attorney has taken all actions requested by me, or has explained to my satisfaction and agreement why such actions should not be taken, and I concur with my attorney's decisions in that regard. I am completely satisfied with the services rendered by my attorney on my behalf in this case.
(emphasis added). Additionally, during the plea colloquy appellant acknowledged that (1) each portion of the plea agreement *301 form was explained to him; (2) he understood the plea form; (3) his attorney answered all of his questions; (4) he understood and was satisfied with what his attorney told him; and (5) he was satisfied with counsel's services. He specifically acknowledged that he was waiving his right to assert any defense.
THE COURT: You recognize and understand if you had any defense to this charge once I accept the plea that defense is no longer available to you?
THE DEFENDANT: Yes, sir.
We find that the specific language of the plea agreement and discussion at the plea colloquy, coupled with the fact that the issue of "self-defense" had been raised with counsel prior to the plea agreement warrants affirmance on this issue.
In appellant's third claim for relief, he also claims that his trial counsel failed to conduct an adequate pre-trial investigation and prepare a viable defense concerning voluntary intoxication. The defense of involuntary intoxication is not available for general intent crimes, including the second-degree murder charge against appellant. See Jackson v. State, 699 So.2d 306, 308 (Fla. 1st DCA 1997). Voluntary intoxication is also not a defense to the general intent crime of manslaughter, the crime to which appellant pled. See Webster v. State, 744 So.2d 1034, 1035 (Fla. 1st DCA 1999). Appellant's counsel could not be ineffective for failing to pursue this non-viable defense. We affirm the trial court's denial of relief on the remaining claims without discussion.
AFFIRMED in part; REVERSED in part and REMANDED.
WOLF, C.J. and POLSTON, J., concur.