[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14847
Non-Argument Calendar

_____

D. C. Docket No. 04-60989-CV-DLG

MARK HARRIS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF
CORRECTIONS, James McDonough,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 13, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Mark Harris, a state prisoner proceeding pro se, appeals the district court's

denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Harris argues

that he received ineffective assistance of counsel, in violation of his Sixth Amendment rights, because his trial counsel mistakenly told him that voluntary intoxication was not a possible defense to his first-degree murder charge for the November, 1998 killing of his long-time girlfriend. Harris argues that counsel's failure to pursue this defense could not have been a tactical decision because counsel misinformed him of the applicable law. Harris also argues that the alleged deficiency prejudiced him because, had the jury been informed that he was voluntarily intoxicated, it would either have acquitted him or convicted him of the lesser offense of manslaughter.

In March 2003, Harris filed a motion for post-conviction relief in Florida state court. The Florida trial court denied his motion and the Fourth District Court of Appeals affirmed. Harris then filed his petition for writ of habeas corpus with the federal district court. Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A state court's summary, unexplained rejection of a constitutional issue qualifies as an adjudication that is

2

entitled to deference. Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1254 (11th Cir. 2002). The state court only is required to reject a claim on the merits, not to provide an explanation for § 2254(d)(1) to apply. Id. at 1255. A state court decision that does not rest on procedural grounds alone is an adjudication on the merits, regardless of the form in which it is expressed. Id. at 1255-56.

To demonstrate ineffective assistance of counsel, a prisoner first "must show that counsel's performance was [constitutionally] deficient" ("performance prong"). Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Second, the prisoner must establish that the deficient performance prejudiced the defense ("prejudice prong"). Id. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697, 104 S.Ct. at 2069.

To prove the deficient performance prong of the Strickland test, the prisoner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687, 104 S.Ct. at 2064. The proper measure of attorney performance is reasonableness under prevailing professional norms. Id. at 688, 104 S.Ct. at 2065. The guiding principle is "whether counsel's conduct so undermined the proper functioning of the

3

adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686, 104 S.Ct. at 2064. Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Id. at 689, 104 S.Ct. at 2065.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693, 104 S.Ct. at 2067.

A petitioner raising an ineffective assistance of counsel claim must satisfy a heavy burden of proof in order to prevail. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994) (noting that "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between"). "The

test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992).

In Florida, before October 1, 1999, voluntary intoxication was a recognized defense to specific intent crimes such as first-degree murder. Effective as of October 1, 1999, voluntary intoxication has been eliminated as a defense in Florida. See Fla. Stat. § 775 .051 (1999). The defense was not a complete defense, however, but available to negate specific intent. Gardner v. State, 480 So.2d 91, 92 (Fla. 1985); Chestnut v. State, 538 So. 2d 820, 822 (Fla. 1989). Thus, the defense of voluntary intoxication was available only to reduce the charged offense to a lesser-included offense. Voluntary intoxication was not an available defense for general intent crimes, including second-degree murder or manslaughter. Wilson v. State, 871 So. 2d 298, 301 (Fla. 1st Dist. Ct. App. 2004).

Although Harris contends that his counsel should have correctly instructed him as to the voluntary-intoxication defense, these allegations are not enough to overcome the heavy burden of proof required to show ineffective assistance. See Chandler, 218 F.3d at 1314. Harris offers no explanation as to why his trial counsel should have pursued the voluntary-intoxication defense. The evidence

5

presented at trial and at the suppression hearing demonstrated that Harris was not intoxicated or under the influence at the time he committed the offense. Therefore, any argument that counsel would have made regarding voluntary intoxication would have been inconsistent with the evidence. See, e.g., White, 972 F.2d at 1221 (holding that defense counsel's failure to present voluntary intoxication as a defense in a capital-murder prosecution was not beyond the range of reasonable professional judgment and, thus, did not amount to ineffective assistance, in view of inconsistency of intoxication defense with deliberateness of the defendant's actions during the shootings). Because Harris has not produced any evidence to rebut the presumption of competence, he has not shown that his counsel was ineffective. See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

Moreover, Harris's claim also fails because there was no prejudice. The voluntary-intoxication defense was not a complete defense, but available only to negate specific intent and reduce the charged offense to a lesser-included offense. Harris was found guilty of only the lesser-included offense of second-degree murder, which is a general-intent crime to which voluntary intoxication was not a defense. See Wilson, 871 So. 2d at 301. In other words, a voluntary intoxication defense could not have assisted Harris on the second-degree murder charge. Since Harris was convicted of only the lesser-included offense, due at least in part to the

6

efforts of defense counsel, he suffered no prejudice. Accordingly, the district court was correct that the state court's decision was not contrary to, nor involved an unreasonable application of, clearly established Federal law, and, thus, the district court did not err in denying Harris's § 2254 petition for writ of habeas corpus. See 28 U.S.C. § 2254(d). Therefore, we affirm the district court.

Upon a review of the record and upon consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**