DAVIS, Judge.
 

 Craig Middleton, Jr., pro se, challenges the postconviction court’s order summarily denying his Florida Rule of Criminal Procedure 8.850 motion. Because the record documents that the postconviction court attached to its order do not conclusively refute Middleton’s claims, we reverse and remand for further proceedings.
 

 On July 16, 2008, Middleton was convicted by a jury of aggravated assault, and the trial court sentenced him to twenty years’ imprisonment with a twenty-year minimum mandatory pursuant to the 10-20-Life statute.
 
 [1]
 
 He failed to file a timely notice of appeal, and his subsequent petition for belated appeal was denied. Middleton then filed a rule 3.850 motion, raising two claims of ineffectiveness of trial counsel.
 

 In ground one, Middleton alleged that he had advised trial counsel that Marquez Middleton, Freddie Chisom, and Tarrence Lassiter were all at the crime scene, were willing and able to testify, and would testify that Middleton was not present at the crime scene and in fact had not been at that location since the night before. In ground two, Middleton alleged that he had advised trial counsel that his sister, LaKi-sha Middleton, and his girlfriend, Lameika McDaniel, were willing and able to testify that Middleton was with them at his sister’s house on the night of the offense.
 

 In summarily denying these claims, the postconviction court attached Middleton’s handwritten Notice to Demand Speedy Trial, which states: “Please take full notice defendant Craig Middleton who’s being fully represented do[es] give attorney full legal consent to file demand for speedy trial.... Defendant do[es] have the bona fide desire [to] demand speedy trial and pray[s] said motion be filed.” The post-conviction court also attached the transcript of a May 28, 2008, hearing on Middleton’s demand for speedy trial. In that transcript, the prosecutor stated:
 

 [T]he State is going to have to fly [the victim] down here, and we will. And Judge, when we’re ready for trial, we are ready for trial. No taking his deposition, as well as another witness ... who picked this fellow up after the shooting and saw him with this diaper bag and a gun and identifies him, and has been to court before and knows this individual. That deposition hasn’t been taken. And again, Judge, if we’re asking to play by the rules, which is what he wants, speedy trial, we’ll do it. We’ll set it for trial. These people -will be here the day of trial.
 

 The transcript indicates that the trial court then addressed Middleton as follows:
 

 You’re saying I want a trial on this aggravated assault. It’s not like they don’t know where the victim is; it’s just that they’ve got to fly him down. And if you want to play hardball, they will play hardball back.... And you understand that you’re having your lawyer go to trial with one arm tied behind, his back because he hasn’t taken the first sworn statement on the case that you want to move up on the calendar?
 

 Middleton responded, “Listen, man. It is what it is, man.”
 

 The postconviction court also attached to its order summarily denying Middleton’s rule 3.850 motion a copy of the transcript of the hearing on Middleton’s petition for belated appeal wherein trial counsel testified that he explained to Middleton the
 
 *394
 
 ramifications of speedy trial, including that the State would object to any continuances “to do depositions, that type of thing.”
 

 These attachments, however, are an insufficient basis on which to summarily deny Middleton’s claims because they do not refute the allegation that counsel was ineffective for failing to investigate and present certain alibi witnesses.
 
 See, e.g., Smith v. State,
 
 815 So.2d 707, 708 (Fla. 1st DCA 2002) (“Because this claim is facially sufficient and is not refuted by the attachments to the appealed order, it should not have been summarily denied.”). The limited record before us does not indicate the date on which the information was filed; however, the circuit court case number is a 2004 number, and Middleton was not convicted until July 16, 2008. Middleton does allege in his motion for rehearing of the denial of his postconviction motion that prior to invoking his right to speedy trial, he sat in the Pinellas County Jail for three years while the State attempted to locate the out-of-state victim. Accordingly, trial counsel had three years to investigate and prepare defense witnesses before speedy trial was ever raised as an issue.
 

 Furthermore, it is true that the court informed Middleton that once he moved for speedy trial, his counsel would not be allowed any continuances to depose the State’s witnesses. This, however, does not establish that Middleton waived a claim that counsel should have investigated his own witnesses, for whom depositions would not have been necessary. And the record is silent as to whether Middleton believed that counsel had spoken to the alibi witnesses in the three years that the case had been pending or that counsel would be able to secure the witnesses for trial during the sixty-day speedy trial period. Either way, the postconviction court’s attachments do no more than establish that Middleton wanted to invoke his speedy trial rights in a gamble that the State would not be able to get the victim to Florida to testify in the time allowed. That does not mean that Middleton did not intend to put on his own defense at trial.
 

 Because the postconviction court’s record attachments do not conclusively refute Middleton’s claims that counsel was ineffective for failing to investigate and present certain named alibi witnesses, it was error for the court to summarily deny Middleton’s rule 3.850 motion.
 
 See Wilson v. State,
 
 871 So.2d 298, 299 (Fla. 1st DCA 2004) (“ ‘Rule 3.850 explicitly requires that the record “conclusively” rebut an otherwise cognizable claim if it is to be denied without a hearing.’ ” (quoting
 
 State v. Leroux,
 
 689 So.2d 235, 237 (Fla.1996))). We therefore reverse and remand for further proceedings.
 

 Reversed and remanded.
 

 SILBERMAN, C.J., and CASANUEVA, J., Concur.
 

 [1]
 

 . § 775.087(2)(a), Fla. Stat. (2008).