# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3441

_____

ERIC VINCENT HILL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Angela M. Cox, Judge.

December 10, 2018

B.L. THOMAS, C.J.

Appellant challenges the summary denial of his postconviction motion asserting, *inter alia,* that his trial counsel provided ineffective assistance. Appellant asserts that his trial counsel failed to inform him that the State's evidence was legally insufficient to support a conviction of accessory after the fact to a homicide, a second-degree felony punishable by up to fifteen years' imprisonment, which is the sentence the trial court imposed. Appellant argues that he would not have pled guilty to the crime had he been so informed. We reject all other arguments raised by Appellant, but reverse and remand for an evidentiary hearing on this claim.

Appellant's guilty plea does not foreclose his later argument that trial counsel provided ineffective assistance under the Sixth

Amendment to the United States Constitution by allegedly failing to inform Appellant that the State could not obtain a conviction based on the facts and evidence.

At his plea colloquy, Appellant withdrew his plea of not guilty and entered a plea of guilty. Appellant informed the trial court that he had had adequate time to speak to defense counsel about the plea. Appellant swore that he had been "advised of all other facts essential to a full and complete understanding of all offenses with which [he had] been charged" and that he waived "the right to require the State to prove its case against [him] beyond a reasonable doubt." Defense counsel informed the trial court that it hoped to persuade the court to sentence Appellant as a youthful offender, but Appellant confirmed that he understood he could be sentenced up to fifteen years in prison and that he was waiving his right to trial or to appeal the trial court's decision. The postconviction court summarily denied Appellant's rule 3.850 motion, ruling that Appellant's claim was a challenge to the sufficiency of the evidence and was thus barred by Appellant's voluntary guilty plea.

*Analysis*

This Court reviews a summary denial (of a claim of ineffective assistance of counsel under Rule 3.850) without an evidentiary hearing *de novo* and will affirm only where the appellant's claims are facially invalid or conclusively refuted by the record. Where no evidentiary hearing is held below, this Court also accepts the defendant's factual allegations to the extent they are not refuted by the record.

*Flagg v. State*, 179 So. 3d 394, 396 (Fla. 1st DCA 2015); *see also Wilson v. State*, 871 So. 2d 298, 299 (Fla. 1st DCA 2004) (holding that the record must "'conclusively' rebut an otherwise cognizable claim if it is to be denied without a hearing") (quoting *State v. Leroux*, 689 So. 2d 235, 237 (Fla. 1996)).

A criminal defendant states a cognizable ineffective assistance of counsel claim by alleging that counsel failed to advise him that the State's evidence was insufficient to support a

conviction, and had he been so advised, he would not have entered into a guilty plea. *Golden v. State*, 509 So. 2d 1149, 1153-54 (Fla. 1st DCA 1987). Such deficient performance, if true, affects the voluntariness of the guilty plea, thereby satisfying the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 1154.

A court is not permitted to go behind a plea, and where a defendant freely and voluntarily enters a guilty plea, he is "barred from attacking events before entry of the pleas." *Stano v. Dugger*, 524 So. 2d 1018, 1019 (Fla. 1988) (citing *Stano v. State*, 520 So. 2d 278, 280 (Fla. 1988)). But a voluntary guilty plea will not refute a later claim that counsel misadvised the defendant to plead guilty, based on insufficient evidence of guilt. *See Webster v. State*, 744 So. 2d 1033, 1033 (Fla. 1st DCA 1999). In *Webster*, the defendant claimed his attorney failed to advise him that alcohol consumption alone could not support a conviction for manslaughter by culpable negligence. *Id.* At the plea colloquy, the defendant stated that he was guilty, he "agreed he was entering his plea freely and voluntarily, and he stated he was satisfied with his attorney's representation." *Id.* at 1034. Although made voluntarily, this court held that these statements "did not, however, conclusively refute, or even adequately meet, the present allegations of affirmative misadvice concerning the proof necessary to support the elements of the crime with which appellant was charged." *Id.*

Here, Appellant alleged that defense counsel knew that being at the scene and not calling 911 was insufficient evidence to prove accessory after the fact to a homicide. *See Bowen v. State*, 791 So. 2d 44, 52 (Fla. 2d DCA 2001) (recognizing that "[a]lthough the common law recognized the crime of misprision of a felony for failing to report a felony to authorities, the substantive law of Florida does not recognize such a crime."). The postconviction court summarily denied Appellant's claim, concluding that the "allegations are based on sufficiency of the evidence" and that the claim "is not cognizable under rule 3.850, and is, therefore, procedurally barred."

We must accept Appellant's factual allegations as true, as they are not conclusively refuted by the record. *See Flagg*, 179

So. 3d at 396. Although Appellant's voluntary guilty plea is conclusive as to his *guilt*, it is not conclusive as to whether his attorney gave him improper advice in violation of the Sixth Amendment to the United States Constitution. *Golden*, 509 So. 2d at 1153-54. Such claims may be precluded, however, where a trial court thoroughly ensures a factual predicate for the criminal conduct is established.

Accordingly, we reverse the postconviction court's order summarily denying Appellant's claim that defense counsel misadvised him to plead guilty. We remand for an evidentiary hearing or record attachments conclusively refuting the allegations.

AFFIRMED in part, REVERSED in part, and REMANDED.

MAKAR and WINSOR, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Eric Vincent Hill, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.