# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0797
_____

JOSHUA N. DAVIDSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Dixie County.
Jennifer Jones Johnson, Judge.


May 8, 2024


PER CURIAM.

Joshua N. Davidson challenges the trial court's summary denial of his motion for postconviction relief brought under Florida Rule of Criminal Procedure 3.850. In the motion, Davidson asserted three grounds for relief. We find no error with the summary denial of the claims and affirm the trial court's order on all grounds.

## I.

In 2017, the State charged Davidson with the first-degree murder of his live-in girlfriend. His case proceeded to a jury trial. Because of Davidson's history with schizophrenia, the defense relied mainly on an insanity defense at trial. But the defense also

presented self-defense as a secondary theory, introducing evidence that the victim had been violent toward Davidson in the past. At least two witnesses testified at trial that Davidson's actions may have been in self-defense. Defense counsel also referenced the victim's history of violence toward Davidson several times in his closing argument. Defense counsel requested—and the trial court permitted—a jury instruction for self-defense. The jury ultimately found Davidson guilty, and he was sentenced to life in prison without the possibility of parole.

About a month after the jury's guilty verdict, a juror approached one of the defense's expert witnesses and informed him of possible juror misconduct at trial. It was alleged that during the trial, the jury overheard a defense witness argue with another witness about not providing testimony favorable to Davidson. The juror alleged that this interaction affected the jury's deliberations. Once defense counsel heard about the allegations, he investigated the incident and requested an affidavit from the expert witness. He then moved for a mistrial based on the allegations. By the time of the hearing on the motion, defense counsel had not yet received the witness's affidavit. The witness did not identify the juror to defense counsel, so he could not provide more information. Defense counsel ultimately obtained and filed the witness's affidavit six days after the hearing. The affidavit identified the juror as "the only African American male on the jury" but did not state his name. The trial court denied the motion for a new trial one day later, finding that it was untimely and unsupported by affidavits.

Davidson directly appealed to this Court, raising the substantive juror misconduct issue. We affirmed Davidson's judgment and sentence. *Davidson v. State*, 310 So. 3d 397 (Fla. 1st DCA 2021). Davidson then filed a motion for postconviction relief, alleging two grounds of ineffective assistance of counsel and one ground of cumulative error. First, Davidson alleged that his counsel was ineffective for failing to properly raise the motion for a new trial. He argued that his counsel was ineffective for failing to include sworn testimony with his motion and failing to name the juror. He also argued that because defense counsel had failed to obtain the affidavit, the juror could not be interviewed about the alleged misconduct. Davidson argued that if counsel had filed a proper motion, he would have been granted a new trial. Second,

2

Davidson argued that his defense counsel was ineffective for failing to raise a theory of self-defense during trial and instead relying on an insanity defense. Lastly, Davidson argued that the cumulative effect of the first two grounds would warrant relief.

The trial court summarily denied the motion in a written order, attaching record evidence refuting each of Davidson's claims. Davidson filed a motion for rehearing, which the trial court denied in a written order. This timely appeal follows.

## II.

We review a postconviction court's decision to summarily deny a motion without an evidentiary hearing de novo. *Anderson v. State*, 303 So. 3d 596, 598 (Fla. 1st DCA 2020) (citing *Hill v. State*, 258 So. 3d 577, 579 (Fla. 1st DCA 2018)). To prevail on an ineffective assistance of counsel claim, Davidson must show that his counsel's representation was outside of the range of reasonable professional assistance and that but for his counsel's conduct, the trial's outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Anderson*, 303 So. 3d at 598 (citing *Martin-Godinez v. State*, 290 So. 3d 144, 146 (Fla. 1st DCA 2019)).

### A. Juror Misconduct

Davidson argued that his counsel was ineffective for failing to include sworn testimony or name the juror in his motion for a new trial. But the record evidence reflects that, despite reasonable attempts, defense counsel did not have that information available to include in his motion. He sent an investigator to meet with the witness, who told him that he would complete an affidavit. The witness did not identify the juror at that time. Defense counsel could not conduct a juror interview until that affidavit was complete, so there was no way to obtain other evidence about the allegations. *Whitton v. State*, 161 So. 3d 314, 332 (Fla. 2014) ("Juror interviews are not permissible unless the moving party has made sworn allegations that, if true, would require the court to order a new trial because the alleged error was so fundamental and prejudicial as to vitiate the entire proceedings." (quoting *Johnson v. State*, 804 So. 2d 1218, 1224 (Fla. 2001))). Once the

affidavit is obtained, the trial court has broad discretion in determining whether to permit a juror interview. *Marshall v. State*, 976 So. 2d 1071, 1076–77 (Fla. 2007) (citations omitted). Defense counsel did not receive the affidavit until after the hearing, and he immediately filed it with the trial court. One day later, the trial court denied the motion for a new trial. Based on this timeline, defense counsel could not have obtained a juror interview. Davidson has failed to demonstrate that competent counsel would have acted differently without more evidence.

Further, Davidson's claim that the trial court would have granted his motion with an affidavit is conclusory, and he has therefore not established prejudice. *Johnson v. State*, 104 So. 3d 1010, 1031 (Fla. 2012) ("A mere conclusory allegation that the outcome would have been different is insufficient to state a claim of prejudice under *Strickland*; the defendant must demonstrate how, if counsel had acted otherwise, a reasonable probability exists that the outcome would have been different." (quoting *Jones v. State*, 998 So. 2d 573, 584 (Fla. 2008))). Since Davidson has failed to present a legally sufficient claim that his defense counsel's performance was deficient, the trial court did not err in summarily denying his claim. *Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000) (citations omitted).

## B. Self-Defense Defense

As the trial court found, the record directly refutes Davidson's claim that his counsel was ineffective for failing to present self-defense as a defense. The trial court attached portions of the trial transcript, which showed that the defense presented a self-defense theory.

Counsel cannot be deficient for failing to use self-defense as his primary defense, as there is competent, substantial evidence that he did raise it at trial. *Bradley v. State*, 33 So. 3d 664, 674–75 (Fla. 2010) (holding that counsel cannot be considered deficient for choosing to use a theory as a fallback defense rather than as the primary one). Even if defense counsel had not presented a theory of self-defense, he cannot be ineffective simply for choosing an unsuccessful line of defense. *See Sireci v. State*, 469 So. 2d 119, 120 (Fla. 1985) ("The fact that counsel's strategy was unsuccessful does

4

not mean that representation was inadequate."). To show deficient performance, Davidson was required to establish that no reasonable counsel would have taken the same action. *Jones*, 998 So. 2d at 582. Considering Davidson's long history with schizophrenia, it was reasonable for his counsel to primarily present an insanity defense. Since the record refutes Davidson's factual allegations, the trial court did not err in summarily denying this claim without an evidentiary hearing. *Freeman*, 761 So. 2d at 1064–65 (citations omitted).

## *C. Cumulative Error*

Finally, Davidson claimed that but for the errors here, there would likely have been a different outcome. Since Davidson's other claims for postconviction relief lacked merit, he suffered no cumulative effect rendering his representation ineffective. *Holland v. State*, 916 So. 2d 750, 759 (Fla. 2005). The trial court therefore properly summarily denied this claim.

## III.

Finding no error by the trial court, we affirm the order summarily denying Davidson's motion for postconviction relief.

AFFIRMED.

KELSEY, M.K. THOMAS, and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Joshua N. Davidson, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.