520 So.2d 278 (1988)
Gerald Eugene STANO, Appellant,
v.
STATE of Florida, Appellee.
No. 70700.
Supreme Court of Florida.
February 25, 1988.
Rehearing Denied April 19, 1988.
*279 Larry Helm Spalding, Capital Collateral Representative, Mark Evan Olive, Chief Asst., and Lissa J. Gardner, Staff Atty., Office of Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Stano appeals the trial court's denial of his motion for postconviction relief. We have jurisdiction pursuant to article V, section 3(b)(1) of the state constitution and Florida Rule of Criminal Procedure 3.850, and we affirm the trial court's order.
After being arrested for aggravated battery in 1980, Stano confessed to having murdered numerous women. He pled guilty to six counts of first-degree murder and, pursuant to a plea agreement, received six consecutive life sentences. He later pled guilty to the two homicides central to the instant case (Volusia County) and went to trial for the murder of yet another woman (Brevard County) and currently has received a total of three death sentences. On appeal this Court affirmed those sentences. Stano v. State, 460 So.2d 890 (Fla. 1984), cert. denied, 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 863 (1985) (guilty pleas); Stano v. State, 473 So.2d 1282 (Fla. 1985), cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986) (trial).
In late 1986 the governor signed a death warrant for Stano on his guilty plea death sentences. Stano then filed a rule 3.850 motion, and the trial court granted a stay in order to conduct an evidentiary hearing. Following several preliminary hearings and conferences, the court decided that the record conclusively demonstrated that no evidentiary hearing needed to be held and denied the motion for postconviction relief.
Stano now claims that the trial court erred by not holding an evidentiary hearing and reargues the issues raised in his 3.850 motion. Those issues mainly allege ineffective assistance of counsel, i.e., that if counsel had made a proper investigation Stano would not have pled guilty; that counsel did so little as to leave Stano without counsel, thereby rendering his plea and waiver of his rights involuntary; that counsel should not have allowed the introduction of psychiatric reports based on Stano's unwarned statements; that counsel should have had mental health experts appointed to assist in preparing a defense; and that counsel should have precluded any use whatsoever of the presentence investigation (PSI) report. He also argues that the trial judge should have recused himself because he had previously accepted three of Stano's pleas of guilty to first-degree murder.
As the basis for complaining that trial counsel should have investigated more, Stano attacks the six guilty pleas that he made earlier. He claims that a police detective, his psychologist, and the attorney who represented him on those pleas coerced him into confessing for their own personal and professional gain.[1] He argues that his trial counsel in the instant case should have discovered this and, instead of acceding to Stano's wishes to plead guilty, should have done more.
These claims regarding ineffectiveness of counsel's assistance and the involuntariness of Stano's plea are an attempt to go behind the plea. Stano now says that *280 he is innocent of these two murders to which he pled guilty. Faced with a "seemingly unending dilemma," the trial court held: "Once the Defendant enters a plea of guilty before this Court, and assures the Court under oath that the plea is voluntary, the Court will not go behind the plea. The plea cuts off inquiry into all that precedes it. The Defendant is barred from contesting events happening before the plea." Having previously found that there was a competent basis for the trial court's acceptance of Stano's guilty pleas and because it is clear that Stano's guilty pleas were freely and voluntarily given, without any duress, we agree. See Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); Robinson v. State, 373 So.2d 898 (Fla. 1979); Steinhauser v. State, 228 So.2d 446 (Fla. 2d DCA 1969).
An evidentiary hearing is not required when the record demonstrates conclusively that postconviction relief is not warranted. E.g., Agan v. State, 503 So.2d 1254 (Fla. 1987); Lightbourne v. State, 471 So.2d 27 (Fla. 1985). The trial court included numerous quotations from the original record in the order denying Stano's 3.850 motion. These portions of the record show an evidentiary hearing to be unwarranted.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set out a two-part test for determining claims of ineffective assistance of counsel.[2] Under that test, a petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result would have been different. Id. Stano's claims, as demonstrated by the record, do not meet this test.
As pointed out by the trial court, Stano's counsel advised the court, at the plea hearing and in Stano's presence, that he had not received full discovery in the case. Counsel went on to state:
I'm just making my position clear in Mr. Stano's presence about the entry of this plea; that is to say, that I am not fully prepared to advise him as to whether the State has sufficient evidence to convict him or not. He is convinced that they do.
I have spoken with Mr. Nixon [assistant state attorney], I have confidence, certainly, in his integrity and honesty, and he assures me that the State can independently establish the corpus delicti in both of these cases. And Mr. Stano tells me that this is so.
Further, I have asked him about the admissions or confessions that he has made to Detective Paul Crow. And he assures me that those statements were made voluntarily, they were made competently, and intelligently after warning of his rights and that, therefore, there does not exist a good possibility that either of his admissions could be suppressed on a hearing.
He feels that he wants to go forward and enter this plea rather than go through a trial or even a delay at this time.
I have agreed that certainly he has the right to do so, but that he should know, and it should be on the record, that I am not fully prepared at this time as his attorney to advise him with respect to the advisability of a trial or not.
He tells me he does not want a trial.
When the court asked if he had any comment on what counsel had said, Stano responded: "No. I believe everything was quite sufficient that he said." The record also demonstrates that Stano made his guilty plea freely and voluntarily after discussions with trial counsel and that Stano had no questions to ask counsel before he pled guilty.
By insisting on pleading guilty and by telling counsel that he had confessed freely and voluntarily, Stano rendered any further investigation pointless. Stano had been found competent to stand trial and, therefore, competent to assist in his defense. We cannot see how acceding to the wishes of a competent client could or should be construed as ineffectiveness years after the fact and only when execution of sentence is imminent. The record *281 conclusively demonstrates no substandard performance by Stano's counsel regarding his investigation. See Agan.
We also see no deficient performance regarding the mental health experts[3] or the PSI.[4] That Stano has now found experts whose opinions may be more favorable to him is of no consequence. The trial court relied, in part, on one psychologist's report to find that several nonstatutory mitigating factors had been established. We, like the trial court, cannot fault trial counsel's conduct regarding the mitigating evidence. Given Stano's desire to plead guilty and the extant expert's reports, we fail to see how counsel could have divined any need for more and different expert testimony.[5] Regarding the PSI, the record shows that counsel succeeded in having it considered only for purposes of mitigation. Counsel's effectiveness in this regard is, therefore, obvious.
The guilty plea proceedings also addressed the instant trial judge's sitting on this case. The record shows that Stano had no objection to appearing before this judge and refutes the current contention that the judge held Stano's previous confessions and the disposition of those cases against Stano. The recusal issue should have been raised on appeal, if at all, and is procedurally barred from these proceedings.
The record demonstrates conclusively that the trial court correctly denied the 3.850 motion without an evidentiary hearing. We affirm the order denying relief.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Stano made a similar claim in a 3.850 motion filed with the trial court (Brevard County) after the governor signed a warrant on the death sentence Stano received after being tried and convicted of one count of first-degree murder. Stano v. State, 497 So.2d 1185 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 2203, 95 L.Ed.2d 858 (1987).
[2] The Strickland v. Washington test applies to challenges to guilty pleas based on claims of ineffective assistance. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
[3] Any claimed violation of Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), should have been made on appeal and is, therefore, procedurally barred in postconviction proceedings.
[4] Booth v. Maryland, ___ U.S. ___, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), is factually distinguishable from and inapplicable to this case.
[5] That current counsel, through hindsight, would now do things differently than original counsel did is not the test for ineffectiveness.