PER CURIAM.
Diego Munoz appeals from the trial court’s order summarily denying his rule 3.850 motion for postconviction relief.
Appellant pled guilty to second degree murder and was sentenced to twenty-six years imprisonment. He sought a belated appeal, which we denied on December 1, 1998.
Subsequently, Munoz filed a motion for postconviction relief alleging ineffective assistance of trial counsel on seven grounds. All but one of appellant’s ineffective assistance of counsel claims were correctly summarily denied by the trial court. However, the trial court erred in summarily denying appellant’s claim that counsel rendered ineffective assistance in failing to inform him about the possible defense of temporary insanity. In his motion, appellant asserted that he did not believe a defense of insanity was available because his counsel, during the plea colloquy, said “that neither psychiatrist appointed saw *875 competency or insanity issues, or it would have been filed.” He also asserted that counsel was aware of appellant’s prior mental problems and drug use. Additionally, in his motion for rehearing of the trial court’s order of denial of his 3.850 motion, appellant attached a copy of a report from one of the psychiatrists who examined him. In that report, the doctor concluded that appellant “was likely insane at the time of the alleged offense.”
As the state concedes, the case should be remanded to the trial court for attachment of the records which conclusively refute this allegation or for an evidentiary hearing. See Easley v. State, 742 So.2d 463 (Fla. 2d DCA 1999) (finding that the defendant was entitled to an evidentiary hearing on 3.850 claim of ineffective assistance in counsel’s failure to investigate insanity defense, in light of psychiatrist’s trial testimony that defendant had a history of severe depression, had at least one psychotic episode in the past, would sometimes dissociate, was on several psychotropic medications at the time of the offense, and did not have the ability to “premeditate or reflect” on her actions when she shot the victims); Saunders v. State, 704 So.2d 224 (Fla. 4th DCA 1998).
Therefore, the order denying appellant’s motion for postconviction relief is reversed as to this claim only, and the case is remanded to the trial court for attachment of the records which conclusively refute the allegations raised, or for an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER, FARMER and SHAHOOD, JJ., concur.