889 So.2d 868 (2004)
Timothy W. SPENCER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3969.
District Court of Appeal of Florida, Second District.
December 1, 2004.
Rehearing Denied January 10, 2005.
*869 Frank Tassone and Rick Sichta of Tassone and Eler, Jacksonville, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Timothy Spencer challenges a final order entered after an evidentiary hearing that denied his postconviction motion for relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the trial court's denial of Spencer's postconviction motion in all respects except for the summary denial of three of Spencer's claims.
In ground one of his motion, Spencer claimed that his trial counsel provided ineffective assistance of counsel because he informed Spencer that there were no defenses available to Spencer for the crimes with which he was charged, which included one count of possession of cannabis, four counts of sexual battery, four counts of lewd and lascivious acts on a child, one count of lewd and lascivious act in the presence of a child, and fifteen counts of possession of child pornography. Spencer specifically asserted that his trial counsel failed to inform him that he could assert an insanity defense to the crimes charged and had Spencer known that this was an available defense, he would not have entered a plea. In its initial order summarily denying this ground, the trial court held that Spencer failed to meet the first prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)  trial counsel's omission was outside the range of reasonably competent performance under prevailing professional standards  because Spencer failed to show that insanity was a defense available to him for the charged crimes. The trial court concluded that insanity was not a viable defense because Spencer was charged with sexual battery and lewd and lascivious acts, both general intent crimes, and insanity is not a defense to general intent crimes.
*870 The trial court's conclusion is erroneous as a matter of law.
[The insanity defense] requires that the defendant, at the time of the offense, had a mental infirmity, disease or defect and that, because of such condition, he did not know what he was doing or the consequences of what he was doing or, if he knew, he did not know that what he was doing was wrong.
Gray v. State, 731 So.2d 816, 817 (Fla. 5th DCA 1999). If proven, this defense excuses the defendant from responsibility for any criminal act. Id.; Miller v. State, 805 So.2d 885 (Fla. 2d DCA 2001). Therefore, insanity was a defense available to Spencer.
Ground one of Spencer's motion presents a facially sufficient claim of ineffective assistance of counsel that is not refuted by the trial court's order. See Stinyard v. State, 870 So.2d 78 (Fla. 2d DCA 2003) (finding a postconviction claim asserting that trial counsel failed to inform defendant that insanity was an available defense is a facially sufficient claim). Accordingly, we reverse and remand for the trial court to reconsider the claim and either attach portions of the record that conclusively refute the claim or conduct an evidentiary hearing.
Spencer made two allegations of ineffective assistance of trial counsel in ground two of his motion. We affirm the summary denial of the second allegation without discussion. Spencer's first allegation asserted that his trial counsel provided ineffective assistance by failing to have Spencer psychologically tested to determine his competency at the time of the crimes. The trial court summarily denied this allegation for the same reason that it summarily denied ground one  it found that insanity was not a defense available to Spencer. As discussed above, this finding was erroneous. Therefore, we also reverse the summary denial of this allegation for further proceedings.
Spencer's fourth ground for relief alleged that his trial counsel provided ineffective assistance because he did not challenge the search of Spencer's residence and the consequential seizure of evidence by filing a motion to suppress the evidence. Spencer signed a waiver consenting to a police search of his home. Spencer alleged in his motion that his consent to search the residence was conditioned on the officers' promise to limit the scope of the search to certain areas of the residence that did not include the locked office closet. Spencer claims that after he signed the waiver, the police added the words "Business Office Closet" to it. Spencer also alleges that he informed his trial counsel of this alleged police trickery and had the evidence been suppressed, Spencer would not have accepted the plea bargain. In its denial, the trial court noted that all counts stemming from the seizure of the items found in Spencer's home were nolle prossed and that Spencer admitted to the police that he committed the other charged offenses after being read his Miranda[1] rights; the trial court attached to its order portions of the record that supported these findings. Based on these factors, the trial court concluded that Spencer failed to meet the second prong of Strickland in that he failed to prove how a failure to file a motion to suppress resulted in any prejudice.
An allegation that trial counsel provided ineffective assistance by failing to file a motion to suppress is a legally sufficient claim, which is not waived by entry of a plea. Flowers v. State, 793 So.2d 36 (Fla. 2d DCA 2001); Williams v. State, 717 So.2d 1066 (Fla. 2d DCA 1998). Additionally, *871 Spencer's claim is not refuted by the record attachments. Had his counsel filed a motion to suppress, the trial court would have been required to make a credibility determination on the issue of whether the waiver referenced the business office closet at the time Spencer signed it. Moreover, the record suggests that the counts stemming from the seized items were nolle prossed contemporaneously with the trial court's acceptance of the negotiated plea. Thus it is unclear from the record whether Spencer would have agreed to the plea bargain had the evidence been suppressed. Because the record attachments do not meet the strict standard of "conclusively" showing that Spencer is not entitled to relief based on ground four, we reverse. See Fla. R.Crim. P. 3.850(d). On remand, the trial court may again summarily deny relief if it can attach portions of the record that conclusively refute the claim. If the trial court is unable to do so, it must conduct an evidentiary hearing on the claim.
Affirmed in part, reversed in part, and remanded.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).