PER CURIAM.
 

 Robert C. MacKinnon appeals from the denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Finding that MacKinnon is entitled to relief, we reverse.
 

 After pleading guilty to the charge of possession of methamphetamine on the day of his scheduled trial, MacKinnon filed a motion for postconviction relief claiming that he was forced to enter an ill-advised plea of guilty after his attorney failed to timely file a motion to suppress the methamphetamine, despite having a valid basis for pursuing suppression of the drugs. At the evidentiary hearing on MacKinnon’s 3.850 motion, trial counsel confirmed that she believed a valid basis existed for suppressing the drugs, but explained that she had not had time to prepare the motion before the trial date. She further explained that even after the trial judge continued the trial for two days to afford time for filing the suppression motion, she was unable to draft the motion because she was in court on other cases.
 

 “A trial attorney’s failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon
 
 the
 
 conviction.”
 
 Williams v. State,
 
 717 So.2d 1066 (Fla. 2d DCA 1998);
 
 see also Spencer v. State,
 
 889 So.2d 868, 870 (Fla. 2d DCA 2004) (“An allegation that trial counsel provided ineffective assistance by failing to file a motion to suppress is a legally sufficient claim, which is not waived by entry of a plea.”).
 

 Because the uncontroverted evidence at the hearing supported MacKinnon’s claim for relief, we are perplexed by the trial court’s unelaborated ruling that Mac-Kinnon’s counsel “did not omit anything that would be shown to be outside the broad range of reasonable assistance under prevailing professional standards.” MacKinnon’s motion should have been granted. We reverse the order on appeal, and remand with directions to grant Mac-
 
 *539
 
 Kinnon’s motion and set aside his plea, conviction and sentence.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 GRIFFIN, SAWAYA and LAWSON, JJ., concur.