THOMAS, J.
 

 We affirm the trial court’s order denying relief in this collateral criminal appeal. Because Appellant pled guilty to the offenses at issue, he waived his claim that his counsel should have moved to suppress evidence.
 
 Stano v. State,
 
 520 So.2d 278 (Fla.1988). Appellant also improperly attacked the sufficiency of the evidence of his conviction. Even had Appellant not pled guilty to the offense, the claim of insufficient evidence to sustain a conviction is an issue that could have and should have been raised on direct appeal.
 
 Smith v. State, 445
 
 So.2d 323, 325 (Fla.1983);
 
 Montana v. State,
 
 597 So.2d 334 (Fla. 1st DCA 1992) (holding that allegation of insufficiency of evidence could have been raised on direct appeal and was improperly raised in motion for postconviction relief). We therefore find Appellant’s appeal to be frivolous, and write to refer Appellant to the Department of Corrections
 
 for
 
 disciplinary procedures in accordance with section 944.279, Florida Statutes (2004). This opinion constitutes the written findings required under that section.
 

 
 *779
 

 Judicial Inquiry and Findings
 

 Section 944.279(1), Florida Statutes (2004), specifically provides that a court may “at any time” determine whether a collateral criminal proceeding is filed in good faith. This statute equates a lack of “good faith” with a determination that the collateral action was “frivolous.”
 
 See
 
 § 944.279(1), Fla. Stat. (stating that when a court finds that an inmate files a “frivolous or malicious collateral criminal proceeding,” the inmate is subject to “disciplinary procedures pursuant to the rules of the Department of Corrections”); § 944.28(2)(a), Fla. Stat. (authorizing the Department of Corrections to forfeit gain-time when an inmate files a “frivolous suit, action, claim, proceeding, or appeal”). We find that Appellant filed a frivolous motion for postconviction relief in the trial court, and compounded the abuse of judicial process by filing a frivolous appeal. We do not address whether the trial court should have imposed sanctions under section 944.279, Florida Statutes, but note that under the plain terms of the law, any court is authorized to report a frivolous or malicious collateral criminal proceeding to the Department of Corrections for disciplinary proceedings.
 

 In 2009, Appellant was arrested and charged with a second-degree felony offense of trafficking in opium or its derivative, a third-degree felony offense of fleeing or eluding a law enforcement officer, and a misdemeanor offense of possession of drug paraphernalia. According to the arresting officer, he attempted to stop Appellant for a traffic offense, but Appellant would not stop until the officer followed him for several blocks and then turned on his siren. Upon stopping Appellant, the officer ordered him to the ground and handcuffed him. When he looked into Appellant’s car, the officer could see an altered pill bottle in plain view, and seized the bottle.
 

 Appellant pled guilty to the fleeing and possession charges only. The State agreed to a recommended sentence of 30 months’ imprisonment, with credit for 153 days served; however, the trial court sentenced Appellant to 40 months’ imprisonment. Appellant did not appeal his conviction or sentence.
 

 Appellant sought collateral criminal relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing that his trial counsel was ineffective for failure to move to suppress the drugs found in Appellant’s car and failure to assert there was no probable cause or reasonable suspicion to stop Appellant’s car. Appellant also attacked his conviction by arguing that the police illegally searched his car and that the trial court erred by convicting him of fleeing and eluding an officer because the police car was unmarked.
 

 The trial court denied Appellant’s motion because the officer saw the pill bottle lying in plain view in the vehicle; thus, the search was legal. The court denied claim two because Appellant entered a plea and agreed to the facts as set forth by the State; thus, Appellant cannot challenge his conviction in a rule 3.850 motion. The court attached the plea agreement, judgment and sentence in support of its ruling.
 

 By entering a plea to the charges, Appellant waived his right to have counsel investigate or put forward a defense, including filing motions to suppress.
 
 Davis v. State,
 
 938 So.2d 555, 557 (Fla. 1st DCA 2006) (“An appellant is not entitled to go behind sworn representations made to the court in a postconviction proceeding.”). Where a defendant enters a plea and swears that he is satisfied with his counsel’s advice, he may not later attack counsel’s effectiveness for failure to investigate or defend the charge. As the Florida Su
 
 *780
 
 preme Court stated more than two decades ago, “claims regarding ineffectiveness of counsel’s assistance ... are an attempt to go behind the plea.... By insisting on pleading guilty ... [appellant] rendered any further investigation pointless.”
 
 Stano v. State,
 
 520 So.2d 278, 279-80 (Fla.1988).
 

 The trial court also properly rejected Appellant’s frivolous claim that, despite his guilty plea, he could not be convicted of fleeing and eluding a law enforcement officer. “Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.”
 
 Smith v. State,
 
 445 So.2d 323, 325 (Fla.1983). Further, claims of insufficient evidence have long been held to be procedurally barred in collateral proceedings.
 
 Burr v. State,
 
 518 So.2d 903, 905 (1987). Thus, it is frivolous for Appellant to attack the sufficiency of the evidence of his conviction in a rule 3.850 motion.
 

 We hold that Appellant’s appeal of the trial court’s order denying relief in this collateral criminal proceeding is frivolous. We direct the clerk of this court to forward a certified copy of this opinion to the appropriate correctional institution for the imposition of disciplinary proceedings against Appellant, in accordance with section 944.279, Florida Statutes (2004).
 

 AFFIRMED. Certified Opinion FORWARDED to the Department of Corrections.
 

 ROBERTS and MARSTILLER, JJ., concur.