*467
 
 WALLACE, Judge.
 

 Silvia Zanchez appeals from an order denying her motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. In her motion, Ms. Zan-chez raised two claims of ineffective assistance of counsel. The postconviction court properly denied Ms. Zanchez’s second claim, and that claim does not warrant further discussion. In her first claim, Ms. Zanchez alleged that her counsel was ineffective for failing to suppress evidence gathered in a search that Ms. Zanchez asserts was illegal. Although this claim is facially insufficient, the postconviction court should have stricken the claim with leave for Ms. Zanchez to file a facially sufficient claim in accordance with
 
 Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007).
 

 After being charged with first-degree murder and aggravated child abuse, Ms. Zanchez entered a negotiated plea to aggravated manslaughter of a child and was sentenced to twenty years in prison on February 9, 2009. According to the limited factual basis recited by the prosecutor at the plea hearing, Ms. Zanchez caused the death of a child that was born alive but whose body was never recovered.
 

 Ms. Zanchez alleged in her rule 3.850 motion that she rented a room in a house owned by her boyfriend’s brother. One day, while she was at work, her boyfriend’s mother, Mrs. Zaragoza, who speaks no English, engaged in what Ms. Zanchez described as “third party contact [with] the police.” When law enforcement officers arrived at the house, Mrs. Zaragoza opened the door to Ms. Zanchez’s room, ushered in a police officer, removed a comforter from the bed, and exposed a bloodstained mattress. The officer cleared the house for safety, requested assistance, and began a search. Officers then collected bloodstained clothing and other evidence without Ms. Zanchez’s consent. Only after she returned home from work did Ms. Zanchez sign a form — written in English— that authorized the search and waived the warrant requirement. She did so even though she neither speaks nor reads English. Based upon these facts, together with her expressly stated expectation of privacy in the room she rented, Ms. Zanchez claimed that her attorney should have
 
 *468
 
 filed a motion to suppress the evidence gathered in this allegedly illegal search.
 

 The postconviction court denied Ms. Zanchez’s claim on the ground that she was “attempting] to go behind the plea” as proscribed by
 
 Stano v. State,
 
 520 So.2d 278, 279 (Fla.1988), and
 
 Dean v. State,
 
 580 So.2d 808, 810 (Fla. 3d DCA 1991). The court found that the sentencing documents and the transcript from the plea and sentencing hearing refuted this claim, specifically noting that Ms. Zanchez responded affirmatively when asked whether her counsel had discussed with her all factual or legal defenses she might have, including any motions that could be filed to challenge evidence that was taken from her or statements that she might have made to law enforcement. As discussed below, we conclude that
 
 Stano
 
 is distinguishable from the situation presented in this case and that the attachments to the denial order could not conclusively refute Ms. Zanchez’s claim. But what is more significant, the postconviction court failed to recognize that Ms. Zanchez’s motion was facially insufficient. For the reasons that follow, we reverse and remand for the postconviction court to strike the claim as facially insufficient and to permit Ms. Zanchez to amend it.
 

 In
 
 Stano,
 
 the supreme court determined that the record conclusively refuted the defendant’s claim of an involuntary plea stemming from his counsel’s alleged failure to conduct a thorough investigation into the facts of the case. 520 So.2d at 280. At the plea hearing, Mr. Stano’s attorney stated that he had told his client that he did not know whether the State could prove its case; but Mr. Stano insisted on entering a plea and, furthermore, assured his attorney that his admissions and confessions to law enforcement were voluntarily, competently, and intelligently made. The supreme court observed, “By insisting on pleading guilty and by telling counsel that he had confessed freely and voluntarily, Stano rendered any further investigation pointless.”
 
 Id.
 

 In this case, however, the plea colloquy does not demonstrate that Ms. Zanchez insisted on pleading against her attorney’s advice, nor did she admit that she freely waived her Fourth Amendment rights. Moreover, the alleged deficient performance in
 
 Stano
 
 did not consist of a failure to file a motion to suppress evidence allegedly seized in violation of Fourth Amendment rights. This court held in
 
 Williams v. State,
 
 717 So.2d 1066, 1066 (Fla. 2d DCA 1998), that “[a] trial attorney’s failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction.”
 
 See also Spencer v. State,
 
 889 So.2d 868, 870 (Fla. 2d DCA 2004) (“An allegation that trial counsel provided ineffective assistance by failing to file a motion to suppress is a legally sufficient claim, which is not waived by entry of a plea.”).
 

 More recently, in
 
 Nelson v. State,
 
 996 So.2d 950, 952 (Fla. 2d DCA 2008), this court examined a situation similar to Ms. Zanchez’s and concluded that a generalized discussion of the motions or defenses that were being waived was insufficient for a determination that the defendant’s rule 3.850 claims were an improper attempt to go behind a plea under
 
 Stano.
 
 Here, neither the specifics of the initial search nor Ms. Zanchez’s later consent was addressed at the plea hearing. Thus the prohibition against going behind the plea announced in
 
 Stano
 
 does not foreclose Ms. Zanchez’s claim regarding her counsel’s failure to file a motion to suppress evidence, and the postconviction court should have examined the allegations more closely.
 

 In cases of this sort, the two-prong test of
 
 Strickland v. Washington,
 
 466 U.S.
 
 *469
 
 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies. Ms. Zanchez alleged that her counsel’s performance was deficient because he should have filed a motion to suppress evidence on the grounds that an unauthorized person permitted nonconsensual entry into her rented room and that her later written waiver of consent was involuntary. But upon further examination of her motion, we note that Ms. Zan-chez has failed to allege that there is a reasonable probability that but for counsel’s errors, she would not have pleaded guilty but would have insisted on going to trial.
 
 See Hill v. Lockhart,
 
 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985);
 
 Nelson,
 
 996 So.2d at 952. Thus Ms. Zanchez’s motion completely omits an allegation of prejudice flowing from her attorney’s alleged deficient performance.
 

 Accordingly, we reverse the denial of claim one and remand for the postconviction court to strike the claim with leave for Ms. Zanchez to file a facially sufficient motion within a reasonable period of time in accordance with
 
 Spera,
 
 971 So.2d at 761. The denial of claim two is affirmed.
 

 Affirmed in part, reversed in part, and remanded.
 

 NORTHCUTT and MORRIS, JJ., Concur.