PER CURIAM.
We affirm the lower court’s denial of all of appellant’s post-conviction issues except his claim that his attorney provided ineffective assistance by advising him to enter a plea without informing him that insanity was available as a complete defense to the crimes with which he was charged. The crimes in this case were committed on September 1, 2006, and appellant alleged that his attorney moved the court on January 29, 2007, to determine his competency at the time of the crime; an expert determined on March 19, 2007, that he was incompetent to stand trial; and he was hospitalized for schizophrenia on May 1, 2007, before being restored to competency on November 8, 2007. Appellant informed the court at the plea hearing that he was taking an anti-psychotic drug because he heard voices, whereupon the trial court questioned him and determined that the medication was not impairing appellant’s understanding of the proceedings. Appellant contends that he was legally insane at the time of the crimes; and thus insanity would have been a valid defense, but his attorney never discussed it with him.
Such allegations should be addressed in an evidentiary hearing if there is nothing in the record to refute them. See, e.g., Childers v. State, 782 So.2d 513 (Fla. 1st DCA 2001); McAroy v. State, 597 So.2d 984 (Fla. 1st DCA 1992); Spencer v. State, 889 So.2d 868 (Fla. 2d DCA 2004); Stinyard v. State, 870 So.2d 78 (Fla. 2d DCA 2003); Munoz v. State, 819 So.2d 874 (Fla. 4th DCA 2002); Forster v. State, 779 So.2d 550 (Fla. 2d DCA 2001).
The lower court did not attach portions of the record showing that an insanity defense would not have been viable for appellant. If it was a viable defense, and defense counsel believed it was more advantageous for appellant to enter into the plea agreement than go to trial, this would require explication in an evidentiary hearing because it was not mentioned during the plea colloquy. Although the lower court determined that appellant risked a long prison sentence if he were to be tried and convicted, and that the evidence against appellant was strong, these facts do not sufficiently refute appellant’s claim that he was never informed of the insanity defense and he would have gone to trial had he been told.
Affirmed in part, reversed in part, and remanded for further proceedings.
PADOVANO, CLARK, and SWANSON, JJ., concur.