DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NEAL JACOBSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1778

[July 29, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 502010CF000836A.

Neal Jacobson, Indiantown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

*ON MOTION FOR REHEARING*

PER CURIAM.

We grant Neal Jacobson's motion for rehearing in part, to the extent he challenged the trial court's summary denial of ground ten of his second amended motion for postconviction relief. Otherwise, we deny rehearing. We reverse the trial court's summary denial of grounds three, six and ten. We therefore withdraw our prior opinion in *Jacobson v. State*, 40 Fla. L. Weekly D1126 (Fla. 4th DCA May 13, 2015), and replace it with the following to make this revision.

Jacobson shot and killed his wife and kids and then attempted to take his own life by overdosing on pills. In exchange for the State not seeking a death sentence, he entered a guilty plea to three counts of first-degree murder with a firearm and was sentenced to life in prison on each count without the possibility of parole. He did not file a direct appeal but filed a second amended motion for postconviction relief, which the trial court summarily denied. Jacobson now appeals that denial. In the motion, he raised thirteen overlapping claims of ineffective assistance of trial counsel

and/or involuntary pleas.  We affirm, without further discussion, the trial court's summary denial of relief except for grounds three, six and ten, which we address below.

In ground three, Jacobson alleged that, at the time of the offenses, he was taking legal prescriptions for Zoloft and Xanax and that he was also suffering from hypothyroidism.  He alleged that the medications, when combined with his medical condition, resulted in his being temporarily legally insane at the time of the offenses.  He claimed defense counsel erroneously advised him that Florida law did not recognize an involuntary intoxication defense in these circumstances.  Had he been properly informed on the law, he alleged he would not have accepted the State's plea offer and would have gone to trial instead.

Related to ground three is Jacobson's ground ten, as amended, in which he claimed that his pleas were involuntary given defense counsel's failure to advise him after investigation of the scientific evidence of psychiatrist Dr. Peter Breggin.  He alleged this doctor had written extensively on the effect of psychotropic drugs such as those Jacobson was taking at the time of the offenses, and that he was an expert witness who could testify about these matters.  He said he advised counsel of Dr. Breggin's publications and that counsel advised she had no intention of investigating them.  He claimed these publications would have supported his defense of involuntary intoxication.

While section 775.051, Florida Statutes (1999), abolished the defense of voluntary intoxication, this statute provides an exception when the "consumption, injection, or use of a controlled substance under chapter 893 was pursuant to a lawful prescription issued to the defendant by a practitioner as defined in s. 893.02."  This exception "is essentially a codification of the involuntary intoxication defense previously acknowledged by this court." *Montero v. State*, 996 So. 2d 888, 891 (Fla. 4th DCA 2008) (citing *Lucherini v. State*, 932 So. 2d 521, 522 n.1 (Fla. 4th DCA 2006)).  It applies when the defendant "unexpectedly becomes intoxicated by prescribed medication that is taken in a lawful manner." *Id.* (citing *Brancaccio v. State*, 698 So. 2d 597 (Fla. 4th DCA 1997)).  Involuntary intoxication is an affirmative defense, and defendant has "the burden to establish the defense and present evidence that he was taking the medication *as prescribed* and pursuant to a lawful prescription." *Stimus v. State*, 995 So. 2d 1149, 1151 (Fla. 5th DCA 2008).

We cannot agree with the State's argument that these grounds were legally insufficient due to Appellant's failure to allege that he took the medications in the prescribed dosages or failure to advise counsel that he

2

unexpectedly became intoxicated. Appellant's amended motion made the required allegations. The State offered no record support for its contention that the claim should fail because appellant abused the prescribed medication.

The trial court erred in rejecting these claims based on *Stano v. State*, 520 So. 2d 278 (Fla. 1988), in which the Florida Supreme Court held that once a defendant enters a guilty plea and assures the court it is voluntary, the plea cuts off inquiry into all that preceded it. *Id.* at 280. A claim of ineffective assistance of counsel for failure to advise a defendant of a potential defense can state a valid claim if defendant was unaware of the defense and can establish that a reasonable probability exists that he would not have entered the plea if properly advised. *See Montero*, 996 So. 2d at 890; *Rouzard v. State*, 952 So. 2d 1290, 1292 (Fla. 4th DCA 2007); *Ethridge v. State*, 766 So. 2d 413, 414 (Fla. 4th DCA 2000).

In ground six, appellant alleged counsel failed to advise him that he could assert an insanity defense. He alleged that, while counsel filed a notice of intent to rely on an insanity defense, she did not advise him of this filing. Appellant argued that counsel should have advised him that insanity could have constituted a complete defense, and he cited a psychologist's report concluding that he was insane at the time of the offenses. Appellant further alleged he would not have entered his plea had counsel properly advised him that he had the right to assert the insanity defense as a complete defense.

Appellant cites *Watts v. State*, 136 So. 3d 1225, 1226 (Fla. 1st DCA 2014), which held that a sufficient claim of ineffective assistance of counsel for advising a defendant to enter a plea without informing him that an insanity defense was available should be addressed in an evidentiary hearing if there is nothing of record to refute it.

The State acknowledges in its answer brief that one doctor opined in a report that appellant was insane at the time of the offenses. Another doctor, who examined appellant closer in time to the murders, believed he was not psychotic at the time of the interview. That report did not address whether appellant was insane at the time of the offenses. The State has not shown that the record conclusively refutes the claim, and it is not for this Court to determine whether one report is more credible than the other, even if they did contain opinions on exactly the same issue.

The State also postulates that defense counsel must have made a tactical decision not to proceed with an insanity defense. Whether counsel's action or inaction was based on a strategic or tactical decision is

a determination ordinarily requiring an evidentiary hearing. *Griggs v. State*, 744 So. 2d 1145, 1145 (Fla. 4th DCA 1999).

If granted an evidentiary hearing on these grounds, Jacobson will have the burden of establishing his claims by coming forward with evidence to support the viability of the defenses. *See Grosvenor v. State*, 874 So. 2d 1176, 1179 (Fla. 2004) (explaining that "the viability of the defense is relevant to the credibility of the assertion that the defendant would have insisted on going to trial if informed of that defense").

Accordingly, we reverse and remand for attachment of portions of the record refuting claims three, six and ten, or an evidentiary hearing.

*Affirmed in part, reversed and remanded in part.*

WARNER, STEVENSON and GERBER, JJ., concur.

\* \* \*

4