OSTERHAUS, J.
Michelle Fry appeals the trial court’s summary denial of her postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court’s denial of Appellant’s second claim without further discussion. However, we reverse the trial court’s denial of Appellant’s other two claims because they are legally sufficient and not conclusively refuted by the record below.
On September 4, 2012, Ms. Fry and her co-defendant husband entered guilty pleas to drug-related charges. Ms. Fry subsequently filed a timely motion seeking postconviction relief, which the trial court summarily denied on August 2, 2016. In denying Appellant’s first and third claims, the trial court cited Clift v. State, 43 So.3d 778 (Fla. 1st DCA 2010), for the proposition that Ms. Fry’s counsel did not have a duty to further investigate or challenge the evidence after she pled guilty. But Ms. Fry did not allege in her postconviction motion that her counsel was ineffective for failing to further investigate or challenge the evidence against her. Indeed, the trial court would have been justified in summarily denying such a claim. See Stano v. State, 520 So.2d 278, 280 (Fla. 1988) (“By insisting on pleading guilty ... [the defendant] rendered any further investigation pointless.”). Rather, Ms. Fry claimed that her counsel failed to investigate and challenge evidence, and failed to inform her of potential defenses prior to her entering her plea. “A trial attorney’s failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction.” MacKinnon v. State, 39 So.3d 537, 538 (Fla. 5th DCA 2010) (quoting Williams % State, 717 So.2d 1066,1066 (Fla. 2d DCA 1998)). See also Smith v. State, 815 So.2d 707, 707-08 (Fla. 1st DCA 2002) (holding that the appellant’s claim was facially sufficient and not negated by his plea where appellant alleged that counsel failed to properly investigate a potential defense witness and that appellant would not have entered a plea in the absence of the alleged failure).
The first and third claims in Ms. Fry’s 3.850 motion state valid potential defenses. Ms. Fry first claimed that her counsel was ineffective for failing to investigate and inform her regarding a lab report used to establish the weight and substance of the drugs in her case. Ms. Fry asserts that the lab report did not have her name on it, but that of her brother Robert Barwick. Ms. Fry says that she would have gone to trial had she been advised that the critical lab report received by her counsel, and cited as evidence supporting the drug charges against her, didn’t actually apply to her.
Ms. Fry’s third claim argued that her counsel was ineffective for not investigating and informing her of viable defenses related to the law of constructive possession. Ms. Fry asserts that she wasn’t present and had no control or influence over the garage/utility area of the home she shared with her co-defendant husband, where authorities found the illegal drugs and accompanying paraphernalia. Ms. Fry asserts that had she been properly advised of defenses related to constructive possession, she would not have pled guilty to multiple possession counts.
*1141 “A claim of ineffective assistance of counsel for failure to advise a defendant of a potential defense can state a valid claim if defendant was unaware of the defense and can establish that a reasonable probability exists that [she] would not have entered the plea if properly advised.” Jacobson v. State, 171 So.3d 188, 191 (Fla. 4th DCA 2015). Because Ms. Fry’s first and third claims were legally sufficient, the trial court should have attached to the order below portions of the record conclusively refuting them, or held an evidentia-ry hearing. State v. Leroux, 689 So.2d 235, 237 (Fla. 1996) (“Rule 3.850 explicitly requires that the record ‘conclusively’ rebut an otherwise cognizable claim if it is to be denied without a hearing.”); see also Watts v. State, 136 So.3d 1225 (Fla. 1st DCA 2014) (concluding that attached records failed to conclusively refute appellant’s claim); Stano v. State, 520 So.2d 278 (Fla. 1988) (attaching sufficient records to show that appellant knew when he entered his plea that his attorney had not finished investigating); Wilson v. State, 871 So.2d 298 (Fla. 1st DCA 2004) (attaching sufficient records showing that appellant knowingly waived the right to pursue the claim that trial counsel failed to develop viable defenses to the charges against him).
Thus, we affirm the denial of claim two, but reverse and remand the denial of claims one and three for further proceedings. On remand, the court should either attach portions of the record conclusively refuting Ms. Fry’s first and third claims, or hold an evidentiary hearing.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
JAY and WINSOR, JJ., CONCUR.