NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SHAWN E. MYERS,                              )
                                             )
          Appellant,                         )
                                             )
v.                                           )   Case No.  2D17-2558
                                             )
STATE OF FLORIDA,                            )
                                             )
          Appellee.                          )
_____     )

Opinion filed May 16, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; Neil A. Roddenbery, Judge.

PER CURIAM.

Shawn E. Myers timely appeals the summary denial of his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.

Because his claim is not refuted by the record attachments to the postconviction court's

order, we reverse.  See Fla. R. Crim. P. 3.850(f)(5).

Myers was charged with a violation of section 322.34(5), Florida Statutes

(2012), which makes it a third-degree felony for a habitual traffic offender to drive when

his or her driver's license has been revoked pursuant to section 322.264.  Myers alleged

that he never possessed a Florida driver's license and that his trial counsel was

therefore ineffective for failing to move to dismiss the information on that basis. See State v. Miller, 227 So. 3d 562, 563 (Fla. 2017) ("[P]ossession of a driver license is a prerequisite to a conviction pursuant to section 322.34(5)."). He argued that had counsel moved to dismiss the information, the motion would have been granted and he would not have entered a plea in the circuit court because his case would have been resolved as a misdemeanor in county court. See Finney v. State, 219 So. 3d 254, 256 (Fla. 1st DCA 2017) (concluding that because "the highest crime with which [the defendant] can be charged is misdemeanor driving without a valid license . . . the circuit court lacks jurisdiction" (citing §§ 26.012(2)(d), 34.01(1)(a), Fla. Stat. (2015))). The postconviction court summarily denied Myers' postconviction motion, finding that "there was no basis for trial counsel to have filed a motion to dismiss" and that Myers had waived this claim when he entered his plea. This was error.

"[A] trial attorney's failure to investigate a factual defense . . . which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction." Zanchez v. State, 84 So. 3d 466, 468 (Fla. 2d DCA 2012) (quoting Williams v. State, 717 So. 2d 1066, 1066 (Fla. 2d DCA 1998)). And at the time Myers entered his plea there was a dispute among Florida courts regarding whether someone who had never possessed a driver's license could ever be lawfully charged and convicted of a violation of section 322.34(5). Compare Carroll v. State, 761 So. 2d 417 (Fla. 2d DCA 2000) (upholding a conviction under section 322.34(5) even though the defendant had never had a driver's license), receded from, Burgess v. State, 198 So. 3d 1151 (Fla. 2d DCA 2016); Newton v. State, 898 So. 2d 1133, 1134 (Fla. 4th DCA 2005) (following Carroll); and State v. Bletcher, 763 So. 2d

1277, 1278 (Fla. 5th DCA 2000) (same), with Crain v. State, 79 So. 3d 118, 122 (Fla. 1st DCA 2012) (concluding that possession of a driver's license was required to support a conviction under section 322.34(5)).  Accordingly, it does not appear that filing the motion to dismiss would have been futile or that the motion would have been without merit.

The postconviction court erred when it concluded that by entering a plea, Myers had waived his claim that counsel was ineffective for failing to challenge the information and raise Myers' lack of a Florida driver's license as a defense.  Therefore, we reverse and remand for further proceedings.  If the postconviction court again summarily denies Myers' claims, it must attach those portions of the record that conclusively refute them.  See Fla. R. Crim. P. 3.850(f).

Reversed and remanded with instructions.

CASANUEVA, KELLY, and SLEET, JJ., Concur.