HARRIS, J.
Corey A. Minix appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motions for postconviction relief. We affirm the summary denial of all grounds raised in Minix's motions, except ground six of his first motion. In that ground, Minix alleged that his plea was involuntary because his trial counsel failed to investigate and raise a prescription defense to the charge of trafficking in a controlled substance. The postconviction court denied this claim, finding that Minix's voluntary plea waived his right to present defenses to a jury. Relying on Stano v. State, 520 So.2d 278 (Fla. 1988), the postconviction court held that Minix was attempting to go behind his plea and precluded him from contesting any events that occurred prior to the plea.
The postconviction court's reliance on Stano is misplaced in that a general waiver of defenses is insufficient to refute a more specific claim. See Prestano v. State, 210 So.3d 772, 773 (Fla. 5th DCA 2017). In this case, there was no specific discussion of the prescription defense during the plea colloquy and no indication that Minix was aware that a prescription defense could be a viable defense to the trafficking charges. See O'Hara v. State, 964 So.2d 839 (Fla. 2d DCA 2007) (extending prescription defense to prosecutions involving trafficking by possession); see also Wagner v. State, 88 So.3d 250, 252 (Fla. 4th DCA 2012) ("A valid prescription is a complete defense to trafficking and a defendant is entitled to a jury instruction on this defense.").
"A trial attorney's failure to investigate a factual defense ... which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction." Guzman-Aviles v. State, 226 So.3d 339, 342 (Fla. 5th DCA 2017) (quoting *929 MacKinnon v. State, 39 So.3d 537, 538 (Fla. 5th DCA 2010) ). Since Minix had a potentially viable claim, he should have been given the opportunity to amend his rule 3.850 motion to allege the requisite prejudice required under Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). See Fla. R. Crim. P. 3.850(f)(2) ; Spera v. State, 971 So.2d 754, 761 (Fla. 2007).
Therefore, we reverse the summary denial as to ground six only and remand to the trial court to grant Minix leave to amend his rule 3.850 motion to state a sufficient claim.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
ORFINGER and EISNAUGLE, JJ., concur.