# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3623
_____

ANDREW BROWN,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Duval County.
Tatiana R. Salvador, Judge.

May 6, 2019


PER CURIAM.

Appellant, Andrew Brown, appeals the summary denial of Grounds 1 through 4 of his motion and amended motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of Ground 4 without further discussion. However, we reverse the denial of Grounds 1 through 3 because those claims are not conclusively refuted by the record.

Appellant entered a plea of guilty to the charged offense of trafficking in cocaine, 28 grams or more, but less than 200 grams, and was sentenced to eight years of imprisonment. He subsequently filed a motion for postconviction relief, in which he raised three grounds for relief. In Grounds 1 and 2, Appellant alleged that defense counsel rendered ineffective assistance by

failing to move to suppress the evidence of the cocaine that was en route to Jacksonville, Florida from Costa Rica in a sealed wooden crate and was seized by Customs and Border Protection agents in Tennessee in the absence of probable cause, a warrant, or a recognized exception to the warrant requirement. In Ground 3, Appellant alleged that defense counsel rendered ineffective assistance by allowing him to plead guilty to trafficking in cocaine, instead of challenging the information, because the information alleged twenty-eight grams or more, whereas the arrest and booking report alleged only seven grams of cocaine. Appellant filed an amended postconviction motion, raising two additional grounds for relief.

The trial court summarily denied Appellant's motions. The court denied Grounds 1 through 3 upon finding that Appellant's sworn testimony during the plea colloquy refuted his allegations and, pursuant to *Stano v. State*, 520 So. 2d 278 (Fla. 1988), he could not go behind his sworn testimony at the plea hearing. The court reasoned that in entering the guilty plea, Appellant understood that he was giving up the right to a trial and to have the State prove the charge, he did not advise the court that he wanted counsel to file a motion to suppress or to test the sufficiency of the evidence, and he stated under oath that counsel answered all his questions to his satisfaction and he did not need additional time and was satisfied with counsel's services. The court further found that the signed plea form refuted Appellant's allegations because by signing it, he confirmed that he read, discussed with counsel, and understood the contents of the plea form, which contained the following language:

> My attorney has taken all actions requested by me, or has explained to my satisfaction and agreement why such actions should not be taken, and I concur with my attorney's decision in that regard. I am completely satisfied with the services rendered by my attorney on my behalf in this case.

The trial court attached to its order the plea form and the transcript of the plea hearing. This appeal followed.

In moving for postconviction relief, the defendant bears the burden of proving "a prima facie case based on a legally valid

claim" and conclusory allegations are insufficient. *Valentine v. State*, 98 So. 3d 44, 54 (Fla. 2012) (quoting *Franqui v. State*, 59 So. 3d 82, 96 (Fla. 2011)). The defendant is entitled to an evidentiary hearing unless the motion and record conclusively show he is not entitled to relief or the motion or claim is legally insufficient. *Id.*; *see also* Fla. R. Crim. P. 3.850(f)(5). An appellate court defers to a postconviction court's factual findings so long as they are supported by competent, substantial evidence, but reviews legal conclusions *de novo*. *Victorino v. State*, 127 So. 3d 478, 486 (Fla. 2013). In reviewing a trial court's summary denial of a postconviction claim, the factual allegations must be accepted as true to the extent they are not refuted by the record. *Valentine*, 98 So. 3d at 54.

To prevail on an ineffective assistance of counsel claim, the defendant must prove that (1) his or her trial counsel's performance was deficient and (2) the deficient performance was prejudicial for it deprived him or her of a fair trial. *Victorino*, 127 So. 3d at 486 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). In the context of a plea agreement, to establish the prejudice prong, the defendant must show a "reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Hurt v. State*, 82 So. 3d 1090, 1092 (Fla. 4th DCA 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The same standard applies to a defendant who pleaded guilty and claims that defense counsel was ineffective in failing to advise of an available defense. *Grosvenor v. State*, 874 So. 2d 1176, 1181 (Fla. 2004).

"A rule 3.850 motion cannot be used to go behind representations the defendant made to the trial court, and the court may summarily deny post-conviction claims that are refuted by such representations." *Kelley v. State*, 109 So. 3d 811, 812-13 (Fla. 1st DCA 2013) (citing *Stano*, 520 So. 2d at 279). However, "[a] trial attorney's failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction." *Fry v. State*, 217 So. 3d 1139, 1140 (Fla. 1st DCA 2017) (quoting *MacKinnon v. State*, 39 So. 3d 537, 538 (Fla. 5th DCA 2010)). "A claim of ineffective assistance of counsel for failure to advise a

defendant of a potential defense can state a valid claim if defendant was unaware of the defense and can establish that a reasonable probability exists that [she] would not have entered the plea if properly advised." *Id.* at 1141 (quoting *Jacobson v. State*, 171 So. 3d 188, 191 (Fla. 4th DCA 2015)).

Therefore, it is error to summarily deny a claim of ineffective assistance of counsel based on counsel's failure to investigate a potential defense or file a motion to suppress evidence where the record attachments do not conclusively show that the defendant was made aware of the potential defense or suppression issue prior to entering the plea. *See Myers v. State*, 247 So. 3d 78, 80 (Fla. 2d DCA 2018) (reversing the summary denial of the postconviction motion because the court "erred when it concluded that by entering a plea, Myers had waived his claim that counsel was ineffective for failing to challenge the information and raise Myers' lack of a Florida driver's license as a defense"); *Fernandez v. State*, 135 So. 3d 446, 447-48 (Fla. 2d DCA 2014) (reversing the summary denial of the appellant's claim that defense counsel rendered ineffective assistance by failing to investigate and advise him of a potential afterthought defense because his statements during the plea colloquy that he was satisfied with counsel's services and did not need counsel to file any motions or talk to any witnesses did not conclusively refute his claim that he was unaware of the possibility of asserting the afterthought defense at the time he pleaded guilty); *Zanchez v. State*, 84 So. 3d 466, 468 (Fla. 2d DCA 2012) (finding that "the prohibition against going behind the plea announced in *Stano*" did not foreclose the appellant's claim that defense counsel rendered ineffective assistance by failing to file a motion to suppress, and the summary denial of her claim was erroneous, where she responded affirmatively during the plea hearing when asked whether counsel had discussed with her all defenses she might have, including any motions that could be filed to challenge the evidence taken from her or her statements to police, but the suppression issue was not specifically addressed); *Wilson v. State*, 871 So. 2d 298, 299-300 (Fla. 1st DCA 2004) (reversing the summary denial of the appellant's claim that defense counsel failed to investigate evidence that would have supported a motion to suppress his statements to the police because the record attachments did not conclusively refute the

claim where it offered no indication that he was made aware of a potential suppression issue prior to entering his plea).

In this case, as the State properly conceded in its response to our *Toler** order, the record attachments to the trial court's order do not conclusively refute Appellant's claims in Grounds 1, 2, and 3 because they do not reflect that the issues of the suppression of evidence or the discrepancy in the alleged weight of the cocaine were addressed at the plea hearing or that Appellant had otherwise been made aware of them prior to entering his plea of guilty. Therefore, the trial court erred by summarily denying those claims. We note, however, that Appellant completely omitted an allegation of prejudice as to Ground 3, rendering that claim facially insufficient. Accordingly, we reverse the denial of Grounds 1 and 2 and remand for the trial court to either attach portions of the record that conclusively refute the claims or hold an evidentiary hearing. We also reverse the denial of Ground 3 and remand for the court to strike the claim with leave for Appellant to file a facially sufficient claim in accordance with *Spera v. State*, 971 So. 2d 754 (Fla. 2007). *See Zanchez*, 84 So. 3d at 467-69 (reversing the denial of the ineffective assistance of counsel claim because the record attachments did not conclusively refute it and remanding for the trial court to strike the claim with leave to amend because it was facially insufficient given that it omitted an allegation of prejudice). We affirm the denial of Ground 4.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

LEWIS, ROWE, and MAKAR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

*Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986).

Andrew Brown, pro se, Appellant.

Ashley Moody, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.