# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3306

_____

JULIAN A. BARTLETTO,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

September 18, 2019

PER CURIAM.

Julian A. Bartletto appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We reject without further discussion all but one of his claims.

In 2010, the State filed an eight-count information against Bartletto.* The next year, he was declared incompetent to stand

---

    * Aggravated assault (count 1), armed robbery (count 2), attempted armed robbery (count 3), armed burglary with an assault or battery (counts 4 & 5), kidnapping with a firearm (counts 6 & 7) and violation of an injunction (count 8).

trial and committed to a mental treatment facility. After about three years, the court determined that Bartletto had regained his competency to proceed. He then entered a negotiated plea to all eight counts in exchange for a sentence in the range of fifteen to fifty years' imprisonment, with a ten-year minimum mandatory for one of the counts. He was eventually sentenced to twenty-eight years in prison.

In a portion of Bartletto's third ground for postconviction relief, he argued that counsel was ineffective for failing to investigate and advise him of an insanity defense. He alleged that he suffers from "mental psychosis (NOS) as diagnosed by evaluating doctors who recommended [he] be committed to the State Hospital." He contended the condition causes him to "lose contact with reality" and to act out violently and that he was insane at the time of the crimes. He further alleged that in 2010 he had been "Baker Acted."

The postconviction court denied the claim because (1) Bartletto informed the trial court during the plea hearing that his attorney had discussed all possible defenses with him, (2) his attorney's advice to plead guilty rather than risk trial (and numerous possible life sentences) was a reasonable strategic decision, and (3) Bartletto would not have insisted on going to trial even if he were aware of the insanity defense because the State had a strong case against him and he was facing life in prison for multiple counts. We are constrained to reverse for two reasons.

First, Bartletto's testimony that he reviewed all possible defenses with his attorney is insufficient, standing alone, to refute his claim that counsel failed to advise him of the insanity defense. *See Brown v. State*, 270 So. 3d 530, 533 (Fla. 1st DCA 2019) ("[I]t is error to summarily deny a claim of ineffective assistance of counsel based on counsel's failure to investigate a potential defense . . . where the record attachments do not conclusively show that the defendant was made aware of the potential defense . . . prior to entering the plea."). Second, this Court cannot review the postconviction court's determination on the merits because the court did not attach any documents supporting its conclusions that counsel's advice to enter a plea was a reasonable strategic judgment and that Bartletto would have insisted on going to trial

2

had he been aware of the defense. *See* Fla. R. Crim. P. 3.850(f)(5) (stating that when denying a facially sufficient claim on the merits, the court must attach "a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief"); *Cf. Guisasola v. State*, 667 So. 2d 248, 249 (Fla. 1st DCA 1995) ("[A] trial court's finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing."); *Grosvenor v. State*, 874 So. 2d 1176, 1181-82 (Fla. 2004) (explaining that when determining the credibility of a defendant's claim that he would not have accepted plea had he been advised of potential defense, the court should consider the totality of the circumstances surrounding the plea, including whether a particular defense was likely to succeed at trial).

We therefore reverse the denial of this claim and remand for an evidentiary hearing.

AFFIRMED in part, REVERSED and REMANDED in part.

RAY, C.J., and ROBERTS and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Julian A. Bartletto, pro se, Appellant.

Ashley Moody, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.

3